**555 P.2d 142**
**In the Matter of Protest of Ira B. MILLER to the 1974 Valuation of Real Property in Lincoln County, New Mexico.**

**No. 10827.**

Supreme Court of New Mexico.

July 28, 1976.

Robert M. Doughty II, Dist. Atty., Twelfth Judicial District, Alamogordo, for appellee. Toney Anaya, Atty. Gen., John C. Cook, Joseph T. Sprague, Asst. Atty. Gen., Santa Fe, amicus curiae.

Charles C. Spann, Albuquerque, for appellant.

. OPINION

SOSA, Justice.

This case presents the issue whether the Court of Appeals had jurisdiction to tax costs after mandate was issued.

Four property owners-taxpayers, including Ira Miller, appealed from an order and decision of the county valuation protests board in the respective counties where their land is situated. On September 16, 1975, the Court of Appeals reversed the decisions of the county valuation protests boards. *Matter of Protest of Miller*, 88

N.M. 492, 542 P.2d 1182 (Ct.App.), cert. denied (1975). Mandate was issued November 21, 1975. On January 19, 1976, Miller's ex parte motion for taxation of costs was submitted to the Court of Appeals and was granted by it the following day. The order taxed the costs of the transcript against the Lincoln County assessor pursuant to N.M.R.Civ.App. 27 [§ 21–12–27, N.M.S.A.1953 (Supp.1975)]. On January 30, 1976, the Lincoln County assessor filed a motion to set aside the order taxing costs against him, which was denied February 5. From the final order denying appellee's motion to set aside the order taxing costs, the appellee filed a petition for writ of certiorari. We granted certiorari.

The Lincoln County assessor presents, inter alia, two arguments for reversal of the order taxing costs to him: (1) The Court of Appeals lost jurisdiction to consider appellant's motion for taxation of costs after entering its mandate, and (2) § 72–2–39.2, N.M.S.A.1953 (Supp.1973) [1] as substantive law superseded N.M.R.Civ.App. 27, supra.

1. Ch. 274, § 9(B), [1973] N.M.Laws 1236–37 (repealed as of January 1, 1975). This stat-

Unless otherwise ordered, or unless a motion for rehearing or petition for writ of certiorari is timely filed, ten days after the filing with the clerk of the writing evidencing formal action by the appellate court, mandate may be issued, whereupon the court loses jurisdiction over the case. See *Woodson v. Lee*, 74 N.M. 227, 392 P.2d 419 (1964); cf. N.M.R.Civ.App. 20 [§ 21–12–20, N.M.S.A.1953 (Supp.1975)]. Since mandate was issued on November 21 the Court of Appeals lost jurisdiction over the case on December 1. Thus, it could not have granted the motion to tax costs on January 20, and should have granted appellee's January 30 motion to set aside the order taxing costs against appellee.

As the first point is dispositive of this petition, we need go no further.

The Court of Appeals is reversed. The motion for taxation of costs against appellant is denied for lack of jurisdiction of the Court of Appeals to consider the same.

OMAN, C. J., and McMANUS, MONTOYA and EASLEY, JJ., concur.

ute is now substantially embodied in § 72–31–28(B), N.M.S.A.1953 (Supp.1975).