818 P.2d 1221

In the Matter of the REVOCATION HEARING by the NEW MEXICO DEPARTMENT OF MOTOR VEHICLES.

Mark S. WEBER, Petitioner–Appellant,

v.

DEPARTMENT OF MOTOR VEHICLES State of New Mexico, Respondent–Appellee.

No. 11391.

Court of Appeals of New Mexico.

June 13, 1991.

LeRoy Duarte, Albuquerque, for petitioner-appellant.

Wanda Wilkinson, Sp. Asst. Atty. Gen., Taxation and Revenue Dept., Santa Fe, for respondent-appellee.

## OPINION

CHAVEZ, Judge.

This appeal arises from an incident involving the arrest of a licensed driver (licensee). A police officer followed licensee to what turned out to be his residence and arrested him for driving while intoxicated. After nearly an hour, another officer tested licensee in two separate ways for blood alcohol content. The result of both tests was that licensee's blood alcohol content was over the legal limit of .10%. The officer seized licensee's license, gave him a notice of revocation of the license, and issued him a temporary license in lieu of his permanent one. The matter of the revocation of licensee's license came to a hearing eighty-nine days after the date the officer issued the notice of revocation, but was only partially heard and was continued by the hearing officer until March 4, 1988, 145 days after licensee's arrest. The hearing

officer revoked the license for ninety days, and the district court affirmed that order.

Licensee appeals the district court's judgment affirming the order. He makes four arguments on appeal: (1) the Department of Motor Vehicles' (DMV) final order was void for failure to make specific findings; (2) there was no substantial evidence that licensee's blood alcohol content was .10% or more at the time he operated his vehicle; (3) DMV violated licensee's procedural due process rights by failing to hold a hearing within ninety days from the date of the notice of revocation; and (4) DMV's decision was generally not supported by substantial evidence on the record as a whole. We conclude that there was no substantial evidence to support one element necessary for DMV to revoke the license, and therefore we reverse.

■ In order for the DMV to revoke a driver's license, a hearing officer must find that DMV proved by a preponderance of the evidence all the facts listed in NMSA 1978, Section 66–8–112(F) (Repl.Pamp. 1987). *See In re Gober,* 85 N.M. 457, 513 P.2d 391 (1973).

■ Section 66–8–112(F) provides in applicable part:

The director or his designee shall enter an order either rescinding or sustaining the revocation or denial of the person's license or privilege to drive if he [1] finds that the law enforcement officer had reasonable grounds to believe [that] the driver was driving a motor vehicle while under the influence of intoxicating liquor or drug, [2] that the person was arrested, [3] *that this hearing is held no later than ninety days after notice of revocation* and that [4] the person either refused to submit to the test upon request of the law enforcement officer after the law enforcement officer advised him that his failure to submit to the test could result in the revocation of his privilege to drive, or that a chemical test was administered pursuant to the provisions of the Implied Consent Act and the test results indicated [that the person tested was driving under the influence of intoxicating liquor]. *If one or more of the above*

*are not found by the director, the person's license shall not be revoked.* [Emphasis added.]

DMV admits in its answer brief that, while the hearing started on the eighty-ninth day after the arresting officer notified licensee of revocation, the hearing did not end until well after the ninetieth day. DMV does not contend that the hearing was held no later than ninety days after notice of revocation. Instead, DMV argues that it had a right to a postponement for good cause. *See* § 66–8–112(C).

The cause that DMV argues warranted a postponement was that there were too many witnesses in this case for the time the hearing officer scheduled for the revocation hearing. DMV relies on *Molina v. McQuinn,* 107 N.M. 384, 758 P.2d 798 (1988), to argue that in this situation, despite the time limit for hearings that Section 66–8–112(C) imposes, DMV ought to be able to postpone those hearings for good cause. We disagree because *Molina* is inapposite for two reasons.

First, as licensee points out, *Molina* is inapposite because the statutory structure upon which it is based is distinct from the statutory structure at issue here. The supreme court in *Molina* applied terms of the Uniform Licensing Act, NMSA 1978, Sections 61–1–1 to –33 (Repl.Pamp.1986). The revocation hearing was to be held within sixty days pursuant to Section 61–1–4(D). Notwithstanding that limit, Section 61–1–9(A) allowed the agency, without qualification, to "direct a continuance of any case." Without defining when a continuance would be appropriate, the supreme court simply held that a continuance was possible in the case before it. *Molina v. McQuinn.* The supreme court did not generally hold that a continuance was proper in administrative agency matters upon a showing of good cause. Also, the supreme court did not address application of the language of Section 66–8–112(C), which qualifies DMV's ability to continue a revocation hearing "for a period not to exceed ninety days from the date of notice of revocation * * * *"

Section 66–8–112(C) unambiguously allows a maximum of ninety days within which DMV may seek a continuance. Because *Molina* did not apply such restrictive language, the case does not apply here.

Second, *Molina* is inapposite because the Uniform Licensing Act does not contain a list of facts which the hearing officer must find before revocation of a license. Section 66–8–112(F) does contain such a prerequisite. Without proof of the facts the list requires, the DMV hearing officer may not revoke a driver's license. If the legislature intended a good cause exception to such a specific factual requirement, we think the legislature would have expressly allowed such an exception rather than leave the task to us. *See Amerada Hess Corp. v. Adee,* 106 N.M. 422, 744 P.2d 550 (Ct.App. 1987). This specific factual predicate to agency action is not present in *Molina,* and therein lies the second reason why the case is inapposite.

This second aspect of the inapplicability of *Molina* is also the reason why *Redman v. Board of Regents of New Mexico School for the Visually Handicapped,* 102 N.M. 234, 693 P.2d 1266 (Ct.App.1984), is inapposite. We held in *Redman,* without statutory guidance, that an agency may allow for continuances upon a showing of good cause. Yet the board of regents in *Redman,* although required to hold a hearing within sixty days, did not have to find as a matter of fact that the hearing took place within sixty days. *See* NMSA 1978, § 22–10–20 (Repl.Pamp.1984). Without a statutory requirement before us in *Redman* similar to Section 66–8–112(F), the holding in that case does not apply here.

We note that our reading of subsection F is consistent with the qualified allowances in subsection C for continuances. Subsection C requires DMV to get its work done, but for the final decision, within ninety days. Subsection F assures compliance with the subsection C rule by further requiring, as an element of proof necessary for revocation, that DMV hold the hearing within the ninety days. Moreover, we infer from the rigid ninety-day rule a careful, reasonable balance of policies by the legislature. On the one hand, the driver should have a due process opportunity to gather evidence and present a case contrary to final revocation. On the other hand, Section 66–8–112(C) allows the driver to continue to drive prior to the hearing. *See also* NMSA 1978, § 66–8–111.1 (Repl.Pamp. 1987) (arresting officer to issue temporary permit upon taking the regular license or permit from driver). The public has a strong interest in the expeditious removal of that driver from the roads if he or she was indeed intoxicated while driving. Examination of the language of Section 66–8–112 indicates a legislative intent that license revocation hearings be held "no later than ninety days after notice of revocation." The clear purpose of this requirement is to promptly remove dangerous drivers from the state's highways for the protection of the general public.

██ In spite of the mandatory nature of the ninety-day limitation, DMV argues that licensee waived the limitation by arriving with three previously unannounced witnesses. It was licensee's fault, DMV posits, that the hearing officer had to continue the hearing. We assume without deciding that a driver may waive the limitation. However, we find nothing in DMV's proposed findings and conclusions to the effect that the continuance was licensee's fault. DMV cannot now rely on the fact of licensee's fault to prove good cause for a continuance. *See First Nat'l Bank of Dona Ana County v. Ruttle,* 108 N.M. 687, 778 P.2d 434 (1989) (failure to tender findings on an issue forecloses review of it).

In addition, the fact that licensee arrived at the hearing with unannounced witnesses negatively affects DMV's position as well as that of licensee. DMV did not schedule the hearing until the next to the last possible day to comply with Section 66–8–112(C). In so doing, DMV assumed the risk that a lengthy, but foreseeable, hearing might be necessary. Asking an adverse party for a witness list prior to a hearing is an elemental preparative task. *See generally State ex rel. State Highway Dep't v. Branchau,* 90 N.M. 496, 565 P.2d 1013 (1977). By not asking licensee what his case would entail, DMV is at least as responsible for the delay as licensee.

The requirement that the revocation hearing be held within ninety days is mandatory. Section 66–8–112(B) directs the DMV to set the hearing for a date within thirty days of the request, if possible. Section 66–8–112(C), however, allows the DMV to postpone the hearing "for a period not to exceed ninety days." *Cf. Wilson v. Hill,* 782 P.2d 874 (Colo.App.1989) (where statute required that revocation hearing "be scheduled as soon as possible, but in no event later than sixty days after the filing of the request," failure to hold timely hearing required dismissal).

The state argues that the hearing in this case was continued for good cause, relying on *Molina v. McQuinn* and *Redman v. Board of Regents of New Mexico School for the Visually Handicapped,* for the proposition that administrative time limits may be exceeded for good cause shown. We need not consider here whether a good cause exception to the timely hearing requirement of Section 66–8–112 might obtain under some circumstances, because the DMV's reasons in this case fail, as a matter of law, to amount to good cause. The DMV has failed to demonstrate that the hearing could not have been accomplished within the required time period. See *Redman v. Board of Regents of New Mexico School for the Visually Handicapped.*

There is no substantial evidence in the record as a whole that DMV held the revocation hearing in ninety days, or that licensee waived that ninety-day limit. *See* § 66–8–112(F). We accordingly reverse and remand with instructions to dismiss the revocation proceeding. *See Gerety v. Demers,* 92 N.M. 396, 589 P.2d 180 (1978); *Tallman v. ABF (Arkansas Best Freight),* 108 N.M. 124, 767 P.2d 363 (Ct.App.1988). Because of this disposition, we need not address the other issues licensee raises.

IT IS SO ORDERED.

DONNELLY and APODACA, JJ., concur.