900 P.2d 978

**Alex RODARTE, Petitioner–Appellee,**

v.

**STATE of New Mexico TAXATION AND REVENUE DEPARTMENT MOTOR VEHICLE DIVISION, Respondent–Appellant.**

**No. 16180.**

Court of Appeals of New Mexico.

June 22, 1995.

Thomas J. Mescall, Higgins, Mescall & Lee, Albuquerque, for petitioner-appellee.

Tom Udall, Atty. Gen., Judith Mellow, Sp. Asst. Atty. Gen., Taxation and Revenue Dept., Santa Fe, for respondent-appellant.

## OPINION

PICKARD, Judge.

The Department appeals from the district court's reversal of the Department's revocation of Petitioner's driver's license. The only issue raised on appeal is the proper interpretation of NMSA 1978, Section 66–8–112(B) and (C) (Repl.Pamp.1994). The Department contends that the thirty-day time limit in the phrase "[a] date for the hearing shall be set by the department, if practical, within thirty days" should be interpreted as directory, not mandatory. Petitioner argues that the thirty-day limit is mandatory, and that the district court did not err because the Department failed to move for a continuance beyond the thirty days, necessitating a reversal of the revocation. Because we agree with the Department, we reverse the district court's order reinstating Petitioner's driving privileges.

Petitioner's driving privileges were revoked incident to his arrest for driving while intoxicated on February 3, 1994. Pursuant to Section 66–8–112(B), within ten days of the revocation, Petitioner requested an administrative hearing to review the revocation. The Department set the hearing for April 20, 1994. No continuances of the hearing were sought by either party. The hearing officer, after hearing testimony and argument, sustained the revocation. Petitioner appealed to the district court, which initially found that Section 66–8–112(B) did not require the Department to hold the hearing within thirty days and affirmed the decision of the hearing officer. Upon Petitioner's motion for reconsideration, however, the district court issued a final order that stated that the Department failed to comply with Section 66–8–112(B) and reversed the decision of the hearing officer.

In relevant part, Section 66–8–112 provides:

B. ... A date for the hearing shall be set by the department, if practical, within thirty days after receipt of notice of revocation....

C. The department may postpone or continue any hearing on its own motion or upon application from the person and for good cause shown for a period not to exceed ninety days from the date of notice of revocation....

At issue in this case is the correct interpretation of the interplay between the direction that the hearing be set within thirty days and the provision for continuances of hearings on the Department's own motion up to the ninety-day limit.

Petitioner is correct in asserting that the word "shall" is mandatory in a statute. NMSA 1978, § 12–2–2(I) (Repl.Pamp.1988). Petitioner argues that the Section 66–8–112(B)'s words "if practical" only have meaning when read together with the provision for continuances in Section 66–8–112(C). Accordingly, Petitioner argues, the only way the Department is allowed to schedule a hearing beyond thirty days from the notice of revocation is if the Department moves to continue the hearing. We are not persuaded by this strained interpretation of the statute.

Petitioner attempts to distinguish *Littlefield v. State*, 114 N.M. 390, 393–94, 839 P.2d 134, 137–38 (Ct.App.), *cert. denied*, 114 N.M. 123, 835 P.2d 839 (1992), a case in which we held that statutory language similar to that in the instant case was directory, not mandatory. Only two of the dissimilarities between the statute at issue in *Littlefield* and the one in the instant case merit discussion. It is true that, in *Littlefield*, the statute at issue did not have a ninety-day limit in which to hold a hearing or provisions for continuances. Instead, the Motor Vehicle Division was required to afford a hearing to drivers whose licenses had been suspended as early as possible within twenty days. In that case, we held that the purpose of the statute at issue, removing dangerous drivers from the road, would be thwarted by construing the twenty-day limit as mandatory. *Id.* at 393–94, 839 P.2d at 137–38 (citing and quoting *Taylor v.*

*Department of Transp.*, 260 N.W.2d 521, 523 (Iowa 1977)).

 Where a statute is clear and unambiguous, it must be applied as written. *See Johnson v. Francke*, 105 N.M. 564, 566, 734 P.2d 804, 806 (Ct.App.1987). In this case, it is clear and unambiguous that the words "if practical" modify the mandatory word "shall." *See Littlefield*, 114 N.M. at 393–94, 839 P.2d at 137–38. The statute means what it says—that if it is practical, the Department shall schedule a hearing within thirty days of the notice of revocation. The provision for continuing a hearing has no meaning unless a hearing has already been set. In order for the Department to request a continuance of a hearing, a hearing must first be set. While the statute requires that hearing to be set within thirty days if practical, failure to do so is not fatal to the revocation proceeding.

Although neither Petitioner nor the Department point us to anything that would help us to determine whether our interpretation of Section 66–8–112(B) is consistent with the legislature's purpose, that inquiry is not necessary in this case. *See Gas Co. v. O'Cheskey*, 94 N.M. 630, 633, 614 P.2d 547, 550 (Ct.App.1980) (unnecessary to apply rules of statutory construction when intent of legislature is clear and apparent from language of statute).

 Finally, Petitioner argues that his procedural due process rights were violated by the Department's failure to set the hearing within twenty days of the notice of revocation. While license revocation proceedings are subject to due process protections, we disagree with Petitioner's argument that his due process rights were violated in this case in which the revocation hearing was held a mere two and one-half months after notice of revocation. *Cf. Salandre v. State*, 111 N.M. 422, 428, 806 P.2d 562, 568 (1991) (nine months minimum length of time that may be considered presumptively prejudicial in a simple case with readily-available evidence). As in *Littlefield*, 114 N.M. at 394, 839 P.2d at 138, Petitioner has established no prejudice to his case on the merits arising from the delay. The restriction on his travel opportunities and loss of a picture identification is

not the type of prejudice the due process clause recognizes as sufficient to halt a prosecution on grounds of delay. *Cf. State v. Gibson*, 113 N.M. 547, 558, 559, 828 P.2d 980, 991, 992 (Ct.App.), *cert. denied*, 113 N.M. 524, 828 P.2d 957 (1992).

However, similar to our discussion in *Littlefield*, we emphasize that the thirty-day provision in Section 66–8–112(B) is directory and not merely advisory. The Department should make every effort to schedule revocation hearings within thirty days of the notice of revocation.

Because we find that failure to schedule a revocation within thirty days of notice of revocation is not fatal to the revocation proceeding, we reverse the order of the district court and reinstate the Department's revocation of Petitioner's driving privileges.

**IT IS SO ORDERED.**

DONNELLY and BLACK, JJ., concur.