1997-NMCA-099

946 P.2d 1104

**Ronald DENTE, Petitioner–Appellant,**

v.

**STATE of New Mexico TAXATION AND REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION, Respondent–Appellee.**

No. 18275.

Court of Appeals of New Mexico.

Aug. 14, 1997.

Certiorari Denied Sept. 30, 1997.

Herb Kraus, Albuquerque, for Petitioner–Appellant.

Tom Udall, Attorney General, Judith Mellow, Special Assistant Attorney General, DWI Legal Section, Santa Fe, for Respondent–Appellee.

## OPINION

ARMIJO, Judge.

1. The Motor Vehicle Division (MVD) revoked Ronald Dente's (Driver) privilege to drive because he refused to take a breath test after he was arrested for driving under the influence of alcohol. Driver appealed to the district court. The district court affirmed the revocation, and Driver has in turn appealed to this Court. We proposed to affirm, and Driver has filed a memorandum opposing summary affirmance. Not persuaded by the memorandum, we affirm.

2. Driver has raised several issues on appeal. The most significant is his claim that he was entitled, as a statutory or constitutional matter, to take pre-hearing depositions at the administrative level. Driver filed a written request for discovery with MVD before his hearing. That pleading included a request that Driver be allowed to depose the officer or officers who were at the scene of the stop and arrest. MVD responded to the discovery request by sending Driver a letter indicating that MVD had sent copies of the documents in its file to Driver. MVD refused, however, to comply with the request for depositions, stating that it is MVD's belief that due to the statutory scheme applicable to revocation proceedings, depositions are not required.

3. At the administrative hearing, Driver did not attempt to demonstrate how he was prejudiced by the lack of a deposition or depositions. Driver's attorney was able to cross-examine the arresting officer extensively concerning all of the circumstances surrounding the stop, arrest, and refusal to take a breath test. On appeal, similarly, Driver has not alleged any specific prejudice resulting from the lack of opportunity to depose the officer or any other person prior to the hearing. Driver's position, therefore, necessarily is that he had a right as a matter of law to take depositions, and that the denial of that right was *per se* reversible error on MVD's part.

4. Driver maintains, first of all, that he had a constitutional right to take discovery depositions, as a matter of due process. We disagree. "[D]ue process is a flexible concept whose essence is the right to be heard at a meaningful time and in a meaningful manner." *New Mexico Indus. Energy Consumers v. New Mexico Pub. Serv. Comm'n*, 104 N.M. 565, 568, 725 P.2d 244, 247 (1986). In general, the right to due process in administrative proceedings contemplates only notice of the opposing party's claims and a reasonable opportunity to meet them. *United States v. Florida East Coast Ry. Co.*, 410 U.S. 224, 242–43, 93 S.Ct. 810, 819–20, 35 L.Ed.2d 223 (1973).

5. In particular, the vast majority of opinions we have read have held that a party to an administrative proceeding has no constitutional right to pre-hearing discovery, including depositions. *See, e.g., Silverman v. Commodity Futures Trading Comm'n,* 549 F.2d 28, 33 (7th Cir.1977) (suspending commodity trader from profession; stating that there is no basic constitutional right to pre-hearing discovery in an administrative proceeding); *N.L.R.B. v. Interboro Contractors, Inc.,* 432 F.2d 854, 857–58 (2d Cir.1970) (parties to judicial or quasi-judicial proceedings are not entitled to pre-hearing discovery as a matter of constitutional right); *Chafian v. Alabama Bd. of Chiropractic Exam'rs,* 647 So.2d 759, 762 (Ala.Civ.App.1994) (no constitutional right to pre-hearing discovery in administrative proceedings, including proceedings that threatened chiropractor's license to practice); *Smith v. Department of Registration and Educ.,* 170 Ill.App.3d 40, 120 Ill.Dec. 360, 362, 523 N.E.2d 1271, 1273 (1988) (in medical-license disciplinary action, doctor had no constitutional right to take a pre-hearing discovery deposition); *Huntsville Mem'l Hosp. v. Ernst,* 763 S.W.2d 856, 859 (Tex.App.1988) (due process in administrative proceeding mandates notice, hearing, the right to call and cross-examine witnesses, and an impartial trier of facts, but depositions need not be allowed).

6. Given the extensive law opposing Driver's position, we hold that there is no general constitutional right to pre-hearing depositions in an administrative proceeding.

7. We now examine license-revocation proceedings in particular, to determine whether they are a type of proceeding that would somehow mandate that pre-hearing depositions be allowed as a matter of due process. License revocation proceedings are much in the nature of criminal or quasi-criminal proceedings. *Stephens v. State, Transp. Dep't, Motor Vehicle Div.,* 106 N.M. 198, 201, 740 P.2d 1182, 1185 (Ct.App.1987). They are designed to be a summary administrative proceeding that handles revocation matters quickly. *State v. Bishop,* 113 N.M. 732, 735, 832 P.2d 793, 796 (Ct.App.1992). Even in criminal cases and probation revocation cases, a defendant does not have an automatic constitutional right to take depositions. *State v. DeBorde,* 121 N.M. 601, 603–04, 915 P.2d 906, 908–09 (Ct.App.) (discovery in probation cases is less extensive than in criminal proceedings; proceedings to revoke probation are analogous to a hearing before an administrative body), *cert. denied,* 121 N.M. 644, 916 P.2d 844 (1996); *State v. Herrera,* 92 N.M. 7, 14, 582 P.2d 384, 391 (Ct.App. 1978) (defendant in criminal case has no constitutional right to depose victim). Instead, a criminal defendant wishing to take a pre-trial deposition must show that it is necessary to take the person's deposition to prevent injustice, and the district court in its discretion may order the deposition to be taken. Rule 5–503(B) NMRA 1997. Given the nature of license-revocation proceedings, and the fact that the rights at stake are certainly no greater than in criminal cases, we hold that there is no automatic due-process right to take pre-hearing depositions in license-revocation cases.

8. We note that in some cases, due process might require that depositions be allowed in order to afford a party a meaningful opportunity to prepare. *Cf. Silverman,* 549 F.2d at 33 (even though there is no constitutional right to pre-hearing discovery, the Due Process Clause does insure the fundamental fairness of a hearing in an individual case). In this case, however, as we noted above, counsel for Driver had ample opportunity to cross-examine the testifying officer at the hearing, and Driver has alleged no specific prejudice arising from the lack of opportunity to take depositions prior to the hearing. We therefore hold that no due process violation occurred in this case. *Cf. Littlefield v. State ex rel. Taxation & Revenue Dep't,* 114 N.M. 390, 394, 839 P.2d 134, 138 (Ct.App. 1992) (no due process violation in license-revocation case despite lack of discovery, where driver not prejudiced by absence of discovery).

9. Driver relies on *In re Protest of Miller,* 88 N.M. 492, 542 P.2d 1182 (Ct.App. 1975), *rev'd on other grounds,* 89 N.M. 547, 555 P.2d 142 (1976), to support his claim of entitlement, as a matter of due process, to take pre-hearing depositions. In *Miller,* this Court held that in a valuation-protest-board

case, the refusal to allow a taxpayer to take pre-hearing depositions constitutes a denial of due process. *Id.* at 496, 542 P.2d at 1186. We relied on the possibility that a taxpayer's key witnesses might not be able to attend the administrative hearing, or that the appraisers on whose valuations the board might base its decision might not attend that hearing. *Id.*

10. We need not decide in this case whether *Miller* remains good law in the context in which it was decided, given the extensive authority cited above to the effect that there is no general due process right to pre-hearing discovery in administrative proceedings. We do hold that it is not persuasive authority as applied to license-revocation cases. As we discussed above, the nature of license-revocation proceedings is not such as would require a blanket right to pre-hearing depositions. Instead, in individual cases where it is necessary to allow depositions to address problems such as those discussed in *Miller* (*actual* unavailability of a witness for a hearing, as opposed to *possible* unavailability, for example), there may be a need to allow pre-hearing depositions. We decline to follow *Miller*, however, in its apparent holding that depositions are constitutionally required even without a showing of particularized need.

■ 11. In addition to his constitutional argument, Driver contends that he was entitled to take depositions under New Mexico's version of the Administrative Procedures Act (APA). However, that Act applies only to those agencies made subject to its coverage by statute or regulation. NMSA 1978, § 12-8-23 (Repl.Pamp.1988). We have been unable to discover any law or rule that subjects the MVD to the APA. The only authority Driver points to is the APA itself. His reasoning is as follows. NMSA 1978, Section 12-8-14(A) (Repl.Pamp.1988), says that no agency shall revoke a license unless it has first afforded a hearing that conforms with the APA's requirements, which may include the right to take depositions under NMSA 1978, Section 12-8-15(A) (Repl.Pamp.1988). Since the instant case involves a license revocation, argues Driver, the APA should have applied to the proceeding. Driver's argument, in essence, is that the APA applies to all license revocation proceedings of any kind.

12. This interpretation of Section 12-8-14, however, ignores Section 12-8-23, which limits the APA's application to agencies that have been made subject to its coverage. The procedural license-revocation requirements of Section 12-8-14 do not apply to all agencies that act to revoke a license. Instead, they apply only to those agencies that operate under the APA. As we have stated above, we have found no statute or regulation that places MVD under the aegis of the APA. Therefore, Driver's bootstrap argument fails.

■ 13. Driver's other arguments may be dealt with summarily. He submits that the revocation proceeding should have been dismissed because the hearing was not held within the statutorily-mandated ninety-day period. However, at the first revocation hearing scheduled in this case, Driver's representative clearly and unequivocally waived the ninety-day time limit in exchange for the grant of a continuance of the hearing. Driver needed the continuance because his attorney could not be present. No limitations were placed on Driver's waiver. Driver now argues that the waiver should be construed to be limited, because the only reason he agreed to waive the time limit was that he otherwise would not have been granted the continuance. Driver did not protest the waiver requirement when MVD first asked him to waive the requirement if he wished to have a continuance. Subsequently, he maintained that the waiver should be construed as limited as a matter of law, so that the waiver would only be effective for a portion of the delay that occurred in this case. We reject this after-the-fact attempt to impose conditions on a full, express, and unconditional waiver of the ninety-day time period, and affirm on this issue.

■ 14. Driver also argues that he was not given enough time to change his mind and agree to the breath test. He points out that he is entitled to change his mind and suggests that police officers be required to wait for a specified amount of time before concluding that a driver has refused to take

the test. In support of his argument, he relies on *In re Suazo*, 117 N.M. 785, 877 P.2d 1088 (1994). That case, however, does not require that a driver be given a certain amount of time in which to change his or her mind concerning a test. Instead, *Suazo* held that *if* a driver changes his or her mind, and does so within a reasonable time, the driver should be allowed to take the originally refused test. *Id.* at 793, 877 P.2d at 1096. There is no evidence in this case indicating that Driver did change his mind and did request an opportunity to take the test. *Suazo* is therefore inapplicable, and we affirm on this issue as well.

15. Based on the foregoing, we hold that Driver's due process rights were not violated when his general request to take depositions was refused. We also hold that no other ground for error exists, and we affirm the district court and, in turn, MVD's revocation of Driver's license.

16. **IT IS SO ORDERED.**

APODACA and FLORES, JJ., concur.