14 P.3d 538

2000-NMCA-103

**STATE OF NEW MEXICO TAXATION & REVENUE DEPARTMENT, MOTOR VEHICLE DIVISION, Respondent–Appellant,**

v.

**Joseph BARGAS, Petitioner–Appellee.**

**No. 20,236.**

Court of Appeals of New Mexico.

Nov. 9, 2000.

Patricia A. Madrid, Attorney General, Judith Mellow, Special Assistant Attorney General, Santa Fe, NM, for Appellant.

Robert G. Marcotte, Albuquerque, NM, for Appellee.

## OPINION

BUSTAMANTE, Judge.

{1}  Joseph Bargas's driver's license was revoked pursuant to the Implied Consent Act, NMSA 1978, §§ 66-8-105 to -112 (1978, as amended through 1993) (the Act).  The

district court reversed, holding that the Motor Vehicle Division (MVD) did not hold the revocation hearing within ninety days as required by the Act. MVD appeals, arguing Bargas had waived the time limit.  We hold that the ninety-day time limit of the Act is mandatory and cannot be waived.  The judgment of the district court is affirmed.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

{2}  Bargas was arrested for driving while intoxicated (DWI) on January 18, 1998. He was administered a breath test consisting of two samples.  Each sample showed an alcohol concentration of .17.  The arresting officer served Bargas with a notice of revocation under the Act on the day of arrest. Bargas requested a hearing within the ten days allowed him, and a hearing was set by MVD for April 8, 1998—eighty days after the notice of revocation.  Bargas's attorney requested a continuance because of a scheduling conflict.  As part of the request for continuance, he included the following language:

> I stipulate that the hearing officer at any new hearing may make the statutorily-required finding that the hearing has been held within 90 days of the date of notice of revocation and exclude that time which runs as a result of my requesting a continuance.

> I understand the hearing will be rescheduled at the earliest possible time, but I do not object and will not object, if the date of the hearing is more than 90 days from today, due to that delay caused by my requesting this continuance.

{3}  On April 22, 1998, MVD scheduled another hearing for May 20, 1998.  On May 4, 1998, Bargas requested another continuance, using the same language as above in his request.  MVD rescheduled the hearing for May 22, 1998, which is 124 days after the date of the notice.

{4}  During the May 22 hearing, Bargas's attorney cross-examined the arresting officer at length and made a number of objections for the administrative record.  After an hour and forty-five minutes, the hearing officer interrupted the hearing and asked Bargas's attorney "if [he] want[ed] to wrap this up in

five minutes," stating he believed the hearing had run too long. Bargas's attorney replied he could not. The hearing officer then halted the hearing and rescheduled the matter for July 1, 1998, without objection from Bargas.

{5} The hearing reconvened on July 1. Immediately prior to the hearing, the Albuquerque Police Department notified the hearing officer that the arresting officer was sick and would not be available. The hearing officer informed Bargas and his attorney that the hearing would again be continued. At this point, Bargas's attorney objected, stating that continuing the hearing would carry it beyond ninety days without his consent. This objection was taken under advisement and the hearing was reset without a ruling on it.

{6} MVD reset the hearing for August 12, 1998. Bargas's attorney finished the examination and arguments that he had begun in May, while again arguing that because the hearing had occurred more than ninety days out, MVD had lost jurisdiction. The hearing officer again took all objections under advisement and overruled them in his final decision.

{7} MVD issued its findings on August 17, 1998. Finding No. 3 stated that "the hearing was held no later than ninety (90) days after the Notice of Revocation." In the notice of decision, the MVD hearing officer discussed at length his finding about Bargas's waiver of the ninety-day time period. The hearing officer found that Bargas's attorney was aware MVD hearings are scheduled for an hour and nevertheless went on for an hour and forty-five minutes. He also found that "but for counsel's continuances, the hearing would have been held within the 90 days." Further, the hearing officer found that "but for counsel's continuances, the officer's being ill on July 1 would not have required another delay."

## DISCUSSION

### Standard of Review

{8} Whether a driver can waive the statutory ninety-day limit for conducting a revocation hearing is a question of law which we consider de novo. *See Medrow v. State*

*Taxation & Rev. Dep't,* 1998–NMCA–173, ¶ 6, 126 N.M. 332, 968 P.2d 1195; *cf. Morningstar Water Users Ass'n v. New Mexico Pub. Util. Comm'n,* 120 N.M. 579, 583, 904 P.2d 28, 32 (1995).

### Applicable Implied Consent Statutes

{9} The pertinent provisions of the Act controlling the conduct of license revocation hearings, Section 66–8–112(B), (C), (E), and (F), follow:

B. Within ten days after receipt of notice of revocation pursuant to Subsection A of this section, a person whose license or privilege to drive is revoked or denied or the person's agent may request a hearing.... A date for the hearing shall be set by the department, if practical, within thirty days after receipt of notice of revocation....

C. The department may postpone or continue any hearing on its own motion or upon application from the person and for good cause shown for a period not to exceed ninety days from the date of notice of revocation and provided that the department extends the validity of the temporary license for the period of the postponement or continuation.

E. The hearing shall be limited to the issues:

(1) whether the law enforcement officer had reasonable grounds to believe that the person had been driving a motor vehicle within this state while under the influence of intoxicating liquor;

(2) whether the person was arrested;

(3) whether this hearing is held no later than ninety days after notice of revocation; and either

(4) (a) whether the person refused to submit to a test upon request of the law enforcement officer; and

(b) whether the law enforcement officer advised that the failure to submit to a test could result in revocation of the person's privilege to drive; or

(5) (a) whether the chemical test was administered pursuant to the provisions of the Implied Consent Act [66–8–105 to 66–8–112 NMSA 1978]; and

(b) the test results indicated an alcohol concentration of eight one-hundredths or more in the person's blood or breath if the person is twenty-one years of age or older or an alcohol concentration of two one-hundredths or more in the person's blood or breath if the person is less than twenty-one years of age.

F. The department shall enter an order sustaining the revocation or denial of the person's license or privilege to drive if the department finds that:

(1) the law enforcement officer had reasonable grounds to believe the driver was driving a motor vehicle while under the influence of intoxicating liquor or drug;

(2) the person was arrested;

(3) this hearing is held no later than ninety days after notice of revocation; and

(4) the person either refused to submit to the test upon request of the law enforcement officer after the law enforcement officer advised him that his failure to submit to the test could result in the revocation of his privilege to drive or that a chemical test was administered pursuant to the provisions of the Implied Consent Act and the test results indicated an alcohol concentration of eight one-hundredths or more if the person is twenty-one years of age or older or an alcohol concentration of two one-hundredths or more if the person is less than twenty-one years of age.

If one or more of the elements set forth in Paragraphs (1) through (4) of this subsection are not found by the department, the person's license shall not be revoked.

{10} The revocation hearing is expressly limited to specific issues. *See* § 66–8–112(E). After a notice of revocation is issued to a motorist, MVD is allowed thirty days within which to set a hearing. *See* § 66–8–112(B). The thirty-day requirement is modified by the practicality of granting a setting in that period. *See Rodarte v. State Taxation & Rev. Dep't,* 120 N.M. 229, 231, 900 P.2d 978, 980 (Ct.App.1995) (clarifying that the words "if practical" modify "shall" in

requirement of setting prompt hearing). We do not believe this flexibility extends to the requirement of holding the hearing within ninety days.

{11} "Where a statute is clear and unambiguous, it must be applied as written." *Id.* The provisions concerning the timing of the revocation hearing are clear and emphatic. MVD is only allowed to extend the time for a hearing to a date within ninety days of the date of the notice. *See* § 66–8–112(C). That the hearing is held within ninety days is an issue required to be proven in the revocation hearing itself. *See* § 66–8–112(E)(3). Furthermore, Section 66–8–112(F)(3) requires that any revocation be based on a finding that the hearing was held within ninety days of the notice of revocation. Not only is the finding required, but "[i]f one or more of the elements set forth in Paragraphs (1) through (4) [of Section 66–8–112(F) ] are not found by [MVD], the person's license shall not be revoked." Section 66–8–112(F). The Act is clear that the revocation must be held within ninety days, and if it is not, MVD cannot revoke the motorist's license to drive. MVD argues that the strictures of the Act can be avoided by a valid driver waiver. We disagree.

{12} In *Weber v. Department of Motor Vehicles,* 112 N.M. 697, 699–700, 818 P.2d 1221, 1223–24 (Ct.App.1991), we held that the time limit is mandatory and cannot be extended by MVD of its own volition for its convenience. Characterizing the ninety-day rule as rigid, we noted that "[s]ubsection C requires [MVD] to get its work done, but for the final decision, within ninety days. Subsection F assures compliance with the subsection C rule...." *Id.* at 699, 818 P.2d at 1223.

{13} We have addressed driver waiver of the ninety-day limit twice, though we have never had the issue squarely before us. In *Weber,* for purposes of argument, we assumed without deciding that a driver could waive the limit. We did not test our assumption in *Weber* because we found no indication as a matter of fact that the driver intended or attempted to waive the limit.

{14} We addressed driver waiver in a different context in *Dente v. State Taxation & Rev. Dep't*, 1997–NMCA–099, 124 N.M. 93, 946 P.2d 1104. In *Dente*, the driver appealed the revocation of his license, raising primarily due process arguments. As an alternative, the driver sought to limit the effectiveness of what we characterized as a "full, express, and unconditional waiver of the ninety-day time period." *Id.* ¶ 13. Without citation to authority-clearly assuming that motorist waivers can be effective-we rejected the driver's "after-the-fact attempt" to limit his actions in waiving the ninety-day time frame.

{15} Faced with the question directly, we hold that drivers may not waive the time limits of the Act. To the extent *Weber* and *Dente* indicate otherwise, they are overruled. We base our decision on the language of the Act and the remedial aim of the legislature manifest in the design of the Act.

{16} As we have already noted, the language of the Act is clear and unambiguous. It requires the hearing to be held within ninety days from the notice of revocation. This provision by itself would not necessarily rule out driver waiver. When combined with the requirement that MVD make a finding of fact that the hearing was held within ninety days, driver waiver becomes problematic. When the statutory limitation of Section 66–8–112(F) that a "person's license shall not be revoked" if one or more of the factual findings required is not found by MVD is factored in, the notion of driver waiver becomes untenable.

{17} First, if the time for hearing is extended beyond ninety days, a clear requirement of the Act is necessarily not met. Second, and more importantly, if continuances are granted beyond ninety days, the MVD hearing officer cannot accurately record the procedural history of the case and still comply with the Act. In fact, as here, to meet the specific statutory requirements of Section 66–8–112(F)(3) the hearing officer must record a fiction. This practice is reminiscent of the erstwhile practice of "stopping the clock" just before the end of the constitutionally-mandated legislative session. *See Dillon v. King*, 87 N.M. 79, 85, 529 P.2d 745, 751 (1974) (disapproving of the practice and not-

ing that the constitutional time frame for legislative sessions limits the time during which the legislature may meet and exercise law-making authority).

{18} Similarly, the ninety-day limit for holding hearings is a limit on MVD's power and authority to act to revoke a driver's license. Allowing extension of the ninety-day limit on the basis of a driver's waiver has the effect of expanding the time MVD may exercise authority beyond that clearly set by the Act. We previously explained in *Weber* why MVD cannot extend the time for its own convenience. *See Weber*, 112 N.M. at 698–99, 818 P.2d at 1222–23. The same provisions and considerations apply to disallow extensions at the request or with the acquiescence of a driver.

{19} Finally, extensions do not further the remedial aims of the Act. The New Mexico legislature established "a summary administrative proceeding designed to handle license revocation matters quickly." *State v. Bishop*, 113 N.M. 732, 735, 832 P.2d 793, 796 (Ct.App.1992). Our Supreme Court has noted that "[s]pecific to the New Mexico Implied Consent Act are certain provisions designed to promote efficiency" including limiting the findings of the hearing to five issues, one of which is whether the hearing is held within ninety days. *In re Suazo*, 117 N.M. 785, 788–89, 877 P.2d 1088, 1091–92 (1994). "To make it possible for the MVD to conduct the numerous necessary hearings within the time constraints of the Implied Consent Act, the legislature could reasonably decide to limit the issues to be considered at such a hearing." *Bierner v. State Taxation & Rev. Dep't*, 113 N.M. 696, 699, 831 P.2d 995, 998 (Ct.App.1992).

{20} The statutory scheme places great importance on the time limit for holding the revocation hearing. We found the language of Section 66–8–112 "compelling," noting that "license-revocation proceedings are intended to be greatly expedited" and that "[t]he purpose of this speed is to protect the public by promptly removing from the highways those who drive while intoxicated." *Bierner*, 113 N.M. at 699, 831 P.2d at 998; *see also Weber*, 112 N.M. at 699, 818 P.2d at 1223. Indeed, as stated in *Bierner*, the promptness of the

administrative license revocation scheme in removing drivers from the highways has been held to be an essential characteristic of the "remedial" nature of the Act, *e.g.*, " '[t]he summary suspension scheme serves the rational remedial purpose of protecting public safety by quickly removing potentially dangerous drivers from the roads.' " *State ex rel. Schwartz v. Kennedy*, 120 N.M. 619, 632–33, 904 P.2d 1044, 1057–58 (1995) (quoting *State v. Strong*, 158 Vt. 56, 605 A.2d 510, 513 (1992)).

{21} We are fully aware that enforcing the rigid deadlines of the Act may pose difficulties for MVD and driver alike. Entirely aside from cynical manipulation of the time limits, there are occasions when rigid time frames simply cannot be met. In some cases this may result in dismissal of proceedings when revocation is appropriate. At other times, it may mean revocation when a driver has a legitimate defense. These failures are inevitable when rigidity and expedition are chosen over reasonable discretion. Given the structure of the Act, however, we as a court are bound and the solution, if one is required, lies with the legislature.

## CONCLUSION

{22} The judgment of the district court is affirmed.

{23} **IT IS SO ORDERED.**

SUTIN and KENNEDY, JJ., concur.