This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF LAS CRUCES,**

Appellee-Petitioner,

v.                                                    NO.   32,904

**CRISTOBAL RODRIGUEZ,**

Appellant-Respondent.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Manuel I. Arrieta, District Judge**

City of Las Cruces
William R. Babington, Jr., Deputy City Attorney
Las Cruces, NM

for Appellee

Cristobal Rodriguez
Las Cruces, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}	In this administrative appeal, we affirm the district court's reversal of the hearing officer's decision to uphold a photo-radar speeding ticket. The hearing officer failed to abide by the statutory requirement that proceedings were bound by the rules of evidence and procedure. As a result, the proceedings were unauthorized by law. Additionally, the evidence against Cristobal Rodriguez should not have been admitted had the rules of evidence been observed. We therefore affirm the district court's ruling that the decision of the hearing officer must be reversed.

**I.	BACKGROUND**

{2}	Rodriguez received a speeding citation based on his speed captured by a Redflex camera located within the City of Las Cruces (the City) on September 6, 2009. Redflex cameras are placed by city ordinance at red lights and use video detection equipment to monitor compliance with traffic signals and speed limits on various streets in the City. The Las Cruces Municipal Code Ordinance is known as the Safe Traffic Operations Program (STOP). Las Cruces, N.M., Enforcement Code § 27-7.5 (2009). After a hearing before an administrative hearing officer, Rodriguez was fined $100 for speeding, and he appealed to the district court under Rule 1-074 NMRA.

{3}  On May 2, 2013, the district court issued a decision reversing the hearing officer stating:

> [D]ue to multiple errors and lack of authority, [Rodriguez] was denied due process of a fundamental fair hearing under the Fourteenth Amendment; that the City acted outside the scope of its authority to enact an ordinance allowing the admission of Redflex documents; that there was no substantial evidence to support the hearing officer's decision and the hearing officer lacked the authority to admit exhibits concerning [Rodriguez's] speeding violation.

{4}  The City filed a petition for writ of certiorari to this Court, which we granted. The City makes four arguments on appeal. First, it argues that the district court judge failed to limit his review as required by the mandate of Rule 1-074. This rule requires that the district court employ the following standards of review:

> (1)  whether the agency acted fraudulently, arbitrarily, or capriciously;
> (2)  whether . . . the decision of the agency is not supported by substantial evidence;
> (3)  whether the action of the agency was outside the scope of [its] authority . . . ; or
> (4)  whether the action of the agency was otherwise not in accordance with law.

Rule 1-074(R)(1)-(4). Second, the City argues that the rules of evidence allowed the hearing officer to consider the exhibits presented at the hearing that the district court rejected as hearsay. Third, the City argues that the district court failed to consider the severability clause of the city ordinance governing STOP. Las Cruces, N.M. Severability Code § 27-7.7 (2009). Fourth, the City argues that it met its obligation with respect to due process. For the following reasons, we affirm the district court's

3

holding that the procedures used by the hearing officer were without authority and that the hearing officer abused her discretion in admitting the evidence she relied upon at trial. Without this evidence, there was nothing in the record that could support the hearing officer's decision.

**{5}** In this case, we have only one brief that was submitted by the City. Pursuant to *Lozano v. GTE Lenkurt, Inc.*, we are not required to dismiss when a respondent fails to file a brief. 1996-NMCA-074, ¶ 30, 122 N.M. 103, 920 P.2d 1057. Appellate procedure in New Mexico does not require that an answer brief be filed. Instead, where no answer brief is filed, the cause may be submitted upon the brief of the appellant. Rule 12-312(B) NMRA. Accordingly, we proceed to adjudicate this appeal.

**II.    DISCUSSION**

**A.    Standard of Review**

**{6}** Generally, this Court applies the same standard of review as the district court acting in its appellate capacity as noted previously. *Rio Grande Chapter of Sierra Club v. N.M. Mining Comm'n*, 2003-NMSC-005, ¶ 17, 133 N.M. 97, 61 P.3d 806. The City agrees that this standard of review is appropriate. However, the district court's holding that the procedure employed by the hearing officer fell outside of the authority given it by the Legislature and the procedures it employed fundamentally deprived Rodriguez of due process presents us with a legal question, which we shall

4

review de novo. *Rayellen Res., Inc. v. N.M. Cultural Props. Review Comm.*, 2014-NMSC-006, ¶ 18, 319 P.3d 639 (holding that denial of due process is reviewed de novo, applying substantial evidence review to findings of fact).

**B.     Preservation of the Issue**

{7}     As a preliminary matter, we address Rodriguez's assertion that the district court exceeded its authority by ruling on issues not raised by him at the administrative hearing. The general rule is that "in order to preserve an issue for appeal, a [party] must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." *State v. Elliott*, 2001-NMCA-108, ¶ 21, 131 N.M. 390, 37 P.3d 107. However, although preservation of an issue is a prerequisite to its review on appeal, "the preservation requirement should be applied with its purposes in mind, and not in an unduly technical manner." *Gracia v. Bittner*, 1995-NMCA-064, ¶ 18, 120 N.M. 191, 900 P.2d 351. The purpose of the preservation requirement has been outlined by the New Mexico Supreme Court that (1) the trial court be alerted to the error so that it has a fair opportunity to correct the mistake, and (2) the opposing party be given a fair opportunity to meet the objection. *Garcia ex rel. Garcia v. La Farge*, 1995-NMSC-019, ¶ 27, 119 N.M. 532, 893 P.2d 428.

{8}     In *Lopez v. Las Cruces Police Department*, this Court held that, because the pro se plaintiff alerted the trial court to the fact that he opposed dismissal and he attempted

5

to respond to the defendant's argument, the issue was properly preserved for appeal. 2006-NMCA-074, ¶ 6, 139 N.M. 730, 137 P.3d 670. The determinative fact in our holding that the preservation requirement was met by the pro se plaintiff in *Lopez* was his attempted response to the defendant's arguments. *Id.* In so holding, this Court reasoned:

> As [the plaintiff] point[ed] out in his reply brief, he attempted to respond to the [p]olice [d]epartment's argument that he should have named individual employees. Because the trial court was made aware of the issue and knew that [the plaintiff] opposed dismissal, we consider[ed] the issue preserved for purposes of appellate review.

*Id.* Similarly, Rodriguez's numerous complaints about the insufficiency of the evidence were an imprecise response to the hearing officer's admission of the evidence, and the district court was therefore correct in reviewing the issue on appeal.

{9} Rodriguez's argument was interpreted by the district court judge as a general objection to the weight and admissibility of the evidence demonstrating his violation. The district court noted that the admitted evidence denied Rodriguez "his right to cross-examine a key witness in a civil case." It further held that the evidence was indeed insufficient and violated the legal residuum rule and that Rodriguez was denied his due process right to a fair trial. Further, even if the issue was not properly or fully preserved, we are not precluded from considering jurisdictional questions, or questions involving general public interest or fundamental error or rights of a party. Rule 12-216(B) NMRA.

6

**C. The Hearing Officer Acted Without Statutory Authority in Considering the Evidence Submitted at Trial**

{10} In 2009, municipalities had begun contracting with vendors to operate administrative speed and red light violation programs under municipal ordinance. In response, the Legislature permitted the programs while providing for sharing all receipts with the State, NMSA 1978, § 3-18-17(A)(2) (2009), and enacting a hearing process in Section 3-18-17(A)(2)(e) that the hearings "shall be conducted following the rules of evidence and civil procedure for the district courts." The City enacted its ordinance for STOP that would administratively penalize speeding offenses using equipment supplied by a private contractor, Redflex, and provided for a hearing for any person wanting to contest the citation issued as a result of being "caught" by the Redflex apparatus. The ordinance specified the type of evidence that would be presented at the hearing. It states that a "photograph, videotape[,] or other electronic evidence of a violation is authentic, is not hearsay[,] and shall be admitted" into evidence. Section 27-7.5(f). The ordinance was passed pursuant to a state statute, allowing municipalities to enact ordinances providing for the health and safety of their residents so long as these ordinances do not conflict with the laws of New Mexico. Section 3-18-17.

{11} We have previously held that an unambiguous procedural statute for adminstrative hearings must be followed. *State Taxation & Revenue Dep't v. Bargas*,

7

2000-NMCA-103, ¶ 11, 129 N.M. 800, 14 P.3d 538 (holding administrative time limits within which to hold a hearing may not be ignored by the agency). We presume the hearing officer is aware of the statutory constraints of Section 3-18-17(A)(3)(e) that require hearings to be conducted pursuant to the rules of evidence and procedure.

{12}     The record establishes that the only evidence upon which the administrative hearing officer's finding of a violation by Rodriguez is based are the four exhibits constituting data received from Redflex by a Las Cruces police officer and tendered to the hearing officer. This ordinance mandates admission of the primary evidence of a violation without requiring external authentication and against any assertion that the matters contained in documents are hearsay. To the extent that the ordinance attempts to gut the application of the rules of evidence and seeks to do so in violation of its enabling statute, we hold that the district court judge may review the hearing officer's actions against the authority granted to her by Section 3-18-17.

{13}     The City contends that Rule 11-902(11) NMRA provides for self-authentication of Exhibits 1, 2, and 3 as certified domestic documents of regularly conducted activity. The City asserts that these exhibits were properly authenticated by the City Clerk and an officer of the Las Cruces Police Department. "[E]xtrinsic evidence of authenticity[,]" is not required. Rule 11-902. "The original or a copy of a domestic record that meets the requirements of Rule 11-803(6)(a) to (c) NMRA" is admissible. Rule 11-902(11). Rule 11-803(6)(b) to (d) provides for an exception to the rule that

8

hearsay is inadmissible if "the record [is] kept in the course of a regularly conducted activity," and if it was the "regular practice of that activity" to make the data compilation, so long as these conditions are "*shown by the testimony of the custodian or another qualified witness*[.]" (Emphasis added.)

{14} The hearing officer admitted all of the evidence upon which she relied in formulating her verdict pursuant to Section 27-7.5(f), allowing a "photograph, videotape[,] or other electronic evidence of a violation [as] authentic . . . not hearsay, and [admissible] into evidence." Although Rodriguez made no explicit objection at the administrative hearing to the admissibility of the documentation demonstrating his speeding violation, the district court held that this documentation was not self-authenticating under Rule 11-902 and was therefore inadmissible because it did not meet a hearsay rule exception. We agree with the district court's holding.

{15} To prove that Rodriguez's vehicle was speeding at the intersection where the Redflex camera captured his image, Exhibit 1 (documents showing how the technology worked), Exhibit 2 (speed verification forms), and Exhibit 3 (a second set of speed verification forms) are necessary. These documents were generated by Redflex, who maintained the device that calculated Rodriguez's speed. Without these documents, the video and photographic evidence captured by the Redflex camera merely show that Rodriguez's vehicle crossed the intersection, not the speed at which it crossed the intersection. Therefore, without the foundational documents, the

hearing officer would have been unable to support a finding of Rodriguez's violation of the posted speed for three reasons. First, Exhibits 1, 2, and 3 are not even authorized by the ordinance to be admitted into evidence. The ordinance provides for the admission of a "photograph, videotape[,] or other electronic evidence" without hearsay objections. The words "electronic evidence" are not defined by the ordinance. Exhibits 1, 2, and 3 were not electronic evidence. Second, while the Redflex documents explaining the system (Exhibit 1) and the two sets of speed verification forms (Exhibits 2 and 3) purporting to certify the accuracy of the system were related to the actual electronic data (the video and photos), the former simply attempted to verify what the latter purported to prove. This documentation cannot be said to be "other electronic evidence of a violation." Section 27-7.5(f). Exhibits 1, 2, and 3 should not have been admitted as "electronic evidence."

{16} Last, the rules of evidence mandate that, in order to meet an exception to the rule against hearsay, evidence must be authenticated. The City asserts that the documents proffered during the administrative hearing were properly authenticated. Relying on the "silent witness" theory proffered in *State v. Henderson*, 1983-NMCA-094, ¶ 8, 100 N.M. 260, 669 P.2d 736, the City incorrectly asserts that the testimony of an officer with the Las Cruces Police Department was sufficient to lay the foundation for Exhibits 1, 2, and 3. That officer may have been the recipient of the documents, but they came from Redflex, who generated and retained its own records.

10

**{17}** In *Henderson*, this Court held that photographic evidence to be admitted under the "silent witness" theory could be authenticated by a witness with knowledge, who testifies that the thing is what it purports to be. *Id.* ¶ 11. The *Henderson* court went on to find that an officer in charge of the photographing machine, who testified about the developing procedure and her actions in retrieving the film, was adequate foundation and, therefore, the photographs were properly authenticated. *Id.* ¶ 12

**{18}** The documents in the case at hand were not, however, properly authenticated under the rules of evidence because their custodian at Redflex never appeared, and the police officer was not the custodian of the Redflex records. A custodian of the records or other qualified witness must appear in court to identify the records and testify as to the mode of their preparation and their safekeeping under the business records exception to the rule against hearsay. Rule 11-803(6)(a)-(c).

**{19}** In this case, the testifying officer admitted that the records custodian was Redflex. The officer stated that the records were kept in the course of regularly conducted activity of the police department. However, it was clear that the department was only the recipient of the records, and such records were generated by a third party, not by the Las Cruces Police Department. It must also be shown that the making of the record was a regular practice of that activity conducted by the business claiming the exception to hearsay.

{20} There is no evidence that the police department generated any of the admitted documentation of the violation on its own other than the citation, or, for that matter, that it operated any of the speed detection devices on its own. In this case, there was no testimony at all about the origin of the records, except that they came from the custodian for Redflex. No testimony was presented as to how they were generated, or how Redflex maintained its records. There was no testimony as to whether the admitted records were all of the records that the City received from Redflex or that the records provided were accurate. We therefore affirm the district court's finding that there was an insufficient foundation of evidence to support the testifying officer's knowledge of Redflex's record-keeping system for the purpose of admitting the records under Rule 11-803(6)(d).

{21} The City argues that there is a severance clause that would remove any part of the ordinance that offends state law, leaving the rest. This fact does not help the City because the basis for the hearing officer's reception of evidence rests on the offending section in the ordinance. Without the justification for admitting the exhibits provided by the offending clause of the ordinance, there is no basis on which the hearing officer could legitimately have acted because the rules of evidence would have precluded these exhibits. Thus, the only evidence against Rodriguez presented at the hearing is inadmissible, and the hearing officer's decision is not supported by any evidence at all. While such procedural matters as the rules of evidence or hearsay need not be

12

adhered to by administrative agencies to the same degree as in a court of law, the right to a fair hearing is held to a higher standard. *Los Chavez Cmty. Ass'n v. Valencia Cnty.*, 2012-NMCA-044, ¶ 22, 277 P.3d 475. Our Supreme Court has deemed it "imperative" that, when governmental agencies adjudicate the legal rights of individuals, they "use the procedures which have traditionally been associated with the judicial process." *Reid v. N.M. Bd. of Exam'rs in Optometry*, 1979-NMSC-005, ¶ 8, 92 N.M. 414, 589 P.2d 198. The imposition of a monetary fine is a sufficient property interest to support a procedural due process claim and therefore requires imposition of the legal residuum rule. *Titus v. City of Albuquerque*, 2011-NMCA-038, ¶ 43, 149 N.M. 556, 252 P.3d 780. Because the exhibits authenticating the video and photographic evidence are hearsay, they are inadmissible at trial.

**D.      The Hearing Officer Was Without Authority to Transgress Statute; To Do So Was Not In Accordance With Law**

{22}      In light of the district court's finding that the hearing officer had acted outside of the authority granted by state law, we hold that the district court did not exceed its scope of review.

> This Court applies the same statutorily defined standard of review as the district court. The district court may reverse an administrative decision only if it determines that the administrative entity acted fraudulently, arbitrarily, or capriciously; if the decision was not supported by substantial evidence in the whole record; or if the entity did not act in accordance with the law.

13

*Miller v. Bd. of Cnty. Comm'rs of Santa Fe Cnty.*, 2008-NMCA-124, ¶ 16, 144 N.M. 841, 192 P.3d 1218 (alterations, internal quotation marks, and citations omitted). The hearing officer abused her discretion in admitting evidence that she had no statutory basis to admit. We cannot say that an abuse of discretion occurred unless we can "characterize [the court's decision] as clearly untenable." *State v. Woodward*, 1995-NMSC-074, ¶ 6, 121 N.M. 1, 908 P.2d 231 (quoting *State v. Apodaca*, 1994-NMSC-121, 118 N.M. 762, 887 P.2d 756), *abrogated on other grounds by State v. Mendez*, 2010-NMSC-044, 148 N.M. 761, 242 P.3d 328. In light of the rules of evidence constraining her actions, the court's decision is clearly untenable. Moreover, the hearing officer admitted evidence in such a way that directly contradicts New Mexico statutory authority authorizing her very existence when she circumvented the hearsay rules of evidence. *See* § 3-18-17(A)(2)(e). As a result, the hearing officer both abused her discretion and did not act in accordance with the law.

{23} What is more, the city ordinance in question contains a severability clause that provides that "should any provision of this section conflict with a provision of another applicable civil law or regulation relating to STOP, the stricter provision shall apply[.]" Section 27-7.7. If the portion of the ordinance allowing admission of evidence contrary to the strictures of the rules of evidence is illegal and severed, there is no provision for the admission of these exhibits as they were tendered. Therefore,

14

the hearing officer abused her discretion by failing to comply with the terms of the ordinance and by the terms of state law.

**III. CONCLUSION**

{24} The district court's holding is affirmed.

{25} **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**LINDA M. VANZI, Judge**