2006-NMCA-074

137 P.3d 670

**Louie L. LOPEZ, Sr., Plaintiff–Appellant,**

**v.**

**LAS CRUCES POLICE DEPARTMENT, Defendant–Appellee.**

**Margaret Coleman, Plaintiff–Appellee,**

**v.**

**City of Las Cruces, Defendant–Appellant.**

**Nos. 24,883, 25,488.**

Court of Appeals of New Mexico.

May 3, 2006.

Certiorari Denied, Nos. 29,822, 29,823, June 15, 2006.

As Corrected June 29, 2006.

Lilley Law Offices, Michael W. Lilley, Lawrence W. Allred, Las Cruces, NM, for Appellant.

City of Las Cruces, Harry S. (Pete) Connelly, Deputy City Attorney, Las Cruces, NM, for Appellee.

Civerolo, Gralow, Hill & Curtis, Robert J. Curtis, Edward F. Messett, Albuquerque, NM, for Amicus Curiae University of New Mexico, New Mexico Health Sciences Center.

Randi McGinn, Michael B. Browde, Albuquerque, NM, for Amicus Curiae New Mexico Trial Lawyers Association.

Caren I. Friedman, Santa Fe, NM, Pickett & Murphy, Mark L. Pickett, Las Cruces, NM, for Appellee in No. 25,488.

Miller Stratvert P.A., Lawrence R. White, Alice Tomlinson Lorenz, Las Cruces, NM, for Appellant in No. 25,488.

## OPINION

PICKARD, Judge.

{1} These cases present us with the opportunity to resolve the issues of whether the New Mexico Tort Claims Act (TCA), NMSA 1978, §§ 41–4–1 to –27 (1976, as amended through 2004), requires a plaintiff to name a specific public employee as a defendant to

recover damages under the TCA and whether the name of the negligent public employee must be identified in evidence at trial. Because these cases raise similar legal issues, we consolidate them for appellate review. In *Lopez*, the district court granted Defendant Las Cruces Police Department's motion to dismiss or for summary judgment for failure to name a negligent employee. In *Coleman*, the district court entered judgment on the jury verdict in favor of Plaintiff Margaret Coleman notwithstanding Coleman's not having named a negligent employee. We hold that the TCA does not require the naming of individual public employees as defendants. We also hold that Coleman was not required to produce evidence at trial of the identity of the public employees whom Coleman claimed had been notified of the problem with the City sidewalk, because the issue was not properly preserved. Accordingly, in *Coleman*, we affirm the judgment in favor of Coleman, and in *Lopez*, we reverse and remand for reinstatement of Lopez's claim.

## I. BACKGROUND AND FACTS

{2} The cases come before us in different procedural postures, and we set out the background to each appeal below. Additional factual and procedural details will be developed as necessary in the context of the discussion of each case.

### A. *Lopez*

{3} Louie Lopez filed a pro se complaint against the Las Cruces Police Department, alleging assault, battery, and improper arrest. In his complaint, Lopez did not name the police officers who he alleged had assaulted him. The Police Department filed a motion to dismiss or for summary judgment, arguing that under *Abalos v. Bernalillo County District Attorney's Office*, 105 N.M. 554, 734 P.2d 794 (Ct.App.1987), Lopez had failed to state a claim on which relief could be granted because he had not named a specific negligent public employee as a defendant. The district court dismissed Lopez's complaint with prejudice and entered summary judgment for the Police Department. Lopez appealed to this Court, still acting pro se, and this Court summarily affirmed the

district court. The New Mexico Trial Lawyers Association (NMTLA) filed a motion for rehearing and leave to file an amicus curiae brief, which this Court granted. The Police Department moved to dismiss the appeal and for sanctions, arguing that Lopez had not filed the transcript in a timely manner and that NMTLA, as an amicus, should not be allowed to function as Lopez's attorney. We denied the motion, but stated that the parties could raise issues relating to proper representation and the role of an amicus in their briefs.

### B. *Coleman*

{4} Margaret Coleman's complaint alleged that she was injured when she tripped on a section of sidewalk in Las Cruces, which was in disrepair due to the negligence of the City of Las Cruces. Her complaint alleged that the City breached its duty to maintain the sidewalk in a safe condition. Coleman presented evidence at trial that on three occasions, City employees had been notified of a sunken water meter and an uneven sidewalk. The jury was instructed that the City could only act through its officers and employees, and the jury found that the City was negligent and that its negligence was the proximate cause of Coleman's injuries. After the district court entered judgment on the jury verdict, the City moved for judgment as a matter of law or a new trial, arguing, in part, that identification of a specific negligent City employee was a jurisdictional requirement under the TCA and that Coleman's failure to identify a specific negligent employee resulted in a lack of notice to the City. The district court denied the City's motion, and the City appealed from the judgment.

## II. DISCUSSION

{5} Both cases require us to address whether the TCA requires the naming of a specific governmental employee, but each case also raises separate questions. Therefore, we first address the issues raised in *Lopez* and then address those raised in *Coleman*.

## A. *Lopez*

### 1. Procedural Issues

 {6} As a preliminary matter, we address the Police Department's arguments concerning preservation and the role of the amicus, NMTLA, in this appeal. The Police Department argues that Lopez, a pro se plaintiff, did not preserve the arguments he now makes through counsel on appeal. Relying on *Bruce v. Lester*, 1999–NMCA–051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that pro se litigants are not entitled to greater rights than those litigants who employ counsel), the Police Department argues that this Court should not apply a less stringent preservation standard to Lopez simply because he was self-represented in the trial court. "To preserve an issue for review on appeal, it must appear that [the] appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct.App.1987). Preservation serves the purposes of (1) allowing the trial court an opportunity to correct any errors, thereby avoiding the need for appeal, and (2) creating a record from which the appellate court can make informed decisions. *Diversey Corp. v. Chem–Source Corp.*, 1998–NMCA–112, ¶ 38, 125 N.M. 748, 965 P.2d 332. Our review of the record indicates that the trial court was alerted to the issue of whether *Abalos* requires a plaintiff to name a specific public employee and decided as a matter of law that there was such a requirement. As Lopez points out in his reply brief, he attempted to respond to the Police Department's argument that he should have named individual employees. Because the trial court was made aware of the issue and knew that Lopez opposed dismissal, we consider the issue preserved for purposes of appellate review.

 {7} The Police Department also argues that the role of an amicus "is to call the court's attention to facts or situations that may have escaped consideration. [It] is not a party and cannot assume the functions of a party. [It] must accept the case before the court with the issues made by the parties." *State ex rel. Burg v. City of Albuquerque*, 31 N.M. 576, 590–91, 249 P. 242, 248–49 (1926).

Instead of acting within this role, the Police Department argues, NMTLA assumed the functions of a party by advocating for Lopez during the proceedings on rehearing and by securing a transcript. Lopez responds that NMTLA acted appropriately in seeking reconsideration, securing a transcript, obtaining counsel to act in a pro bono capacity on behalf of Lopez, and filing an amicus brief.

[5] {8} Although we agree with the Police Department's description of the role of an amicus in the appellate process, under the facts of this case, we cannot say that NMTLA acted inappropriately in seeking reconsideration of our summary decision. NMTLA argued in its motion for reconsideration that the issue of whether Lopez was required to name individual public employees had been incorrectly decided in a manner contrary to standard practice throughout the state and without the benefit of briefing or argument by licensed attorneys. NMTLA also points out that at the time it filed the motion for reconsideration, it had attempted to contact Lopez but had been unable to do so. Under these circumstances, we conclude that NMTLA did not act improperly in filing a motion for reconsideration. It was seeking to preserve this Court's ability to correctly decide an important issue. At the same time, it successfully sought out counsel to represent Lopez in a pro bono capacity. We now have briefing by a properly represented Lopez, as well as amicus briefing by the NMTLA. It would exalt form over substance to dismiss Lopez's appeal at this point in time. "It is the appellate court policy to construe rules liberally so that an appeal may be decided on the merits whenever possible." *Hester v. Hester*, 100 N.M. 773, 775–76, 676 P.2d 1338, 1340–41 (Ct.App.1984). We therefore reconsider Lopez's issue of whether a plaintiff is required to name a specific negligent public employee in a TCA complaint.

### 2. The Tort Claims Act

 {9} Lopez challenges the district court's dismissal of his claim, arguing that the Police Department is the proper defendant and that he is not required by statute or public policy to name an individual public

employee as a defendant in order to state a claim under the TCA. In the alternative, he argues that if he is required to name individual law enforcement officers, he should be permitted to amend his complaint. We hold that a TCA plaintiff is not required to name an individual public employee as a defendant. In light of this holding, we do not address Lopez's additional issue.

■ {10} Because the court dismissed Lopez's claim on the Police Department's motion to dismiss or for summary judgment, we review de novo the legal issue of whether a TCA plaintiff is required to name an individual public employee. *See Celaya v. Hall,* 2004–NMSC–005, ¶ 7, 135 N.M. 115, 85 P.3d 239 (stating summary judgment is reviewed on appeal de novo); *Envtl. Control, Inc. v. City of Santa Fe,* 2002–NMCA–003, ¶ 6, 131 N.M. 450, 38 P.3d 891 (stating that when reviewing a trial court's grant of a motion to dismiss, we accept as true the facts pleaded in the complaint, and we review de novo the trial court's application of the law to those facts); *Morgan Keegan Mortgage Co. v. Candelaria,* 1998–NMCA–008, ¶ 5, 124 N.M. 405, 951 P.2d 1066 (indicating that legal issues are reviewed de novo).

■ {11} The purpose of the TCA is to limit governmental liability for torts to those situations for which immunity is specifically waived. Section 41–4–2(A). Because a governmental entity "can act only through its employees, ... the act of the offending employee is the act of the public entity under traditional tort concepts." *Silva v. State,* 106 N.M. 472, 477, 745 P.2d 380, 385 (1987), *limited on other grounds by Archibeque v. Moya,* 116 N.M. 616, 621, 866 P.2d 344, 349 (1993). Accordingly, the TCA makes "government responsible for the torts of its employees for which immunity is waived to a similar extent as a private employer would be under the doctrine of respondeat superior" and indemnifies "the employee for acts occurring in the scope of the employee's duties." *Medina v. Fuller,* 1999–NMCA–011, ¶ 12, 126 N.M. 460, 971 P.2d 851.

{12} Although the TCA sets forth the circumstances in which governmental entities are liable for the torts of their employees, it does not specify who should be named as a defendant in a lawsuit. We note that a tort action brought under the TCA, unlike a civil rights action brought pursuant to 42 U.S.C. § 1983, does not require a government employee to be sued in his or her individual capacity in order to avoid Eleventh Amendment immunity defenses. *See Ford v. N.M. Dep't of Pub. Safety,* 119 N.M. 405, 410–12, 891 P.2d 546, 551–53 (Ct.App.1994) (discussing the differences in procedure and remedies between TCA claims and civil rights claims and pointing out that sovereign immunity is waived under the TCA for government entities sued under a doctrine of respondeat superior). Thus, litigants err to the extent that they import notions of pleading from federal civil rights cases into state TCA actions. Below, we demonstrate that (1) the statutory structure of the TCA indicates that either the entity or the individual can be the sole named defendant, (2) the Rules of Civil Procedure contemplate the same, and (3) the cases on which the Police Department relies do not support its argument.

{13} Various sections of the TCA indicate that the Legislature contemplated suits or judgments against either a governmental entity or a public employee. Section 41–4–19(A) states that "[i]n any action for damages against a governmental entity or public employee," the liability shall not exceed the stated amounts. Section 41–4–19(B) states that "[i]nterest shall be allowed on judgments against a governmental entity or public employee" at a particular rate. Section 41–4–19(C) states that no judgment "against a governmental entity or public employee" shall include punitive damages or pre-judgment interest. Finally, Section 41–4–17(A) states that the TCA "shall be the exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived." The fact that these provisions are framed in the disjunctive indicates a legislative intent that either the employee or the relevant governmental entity can be sued.

■ {14} Case law decided under Rule 1–019 NMRA (joinder of persons needed for just adjudication) also supports this view.

We are not persuaded that public employees are necessary parties to TCA litigation under Rule 1–019. As this Court discussed in *Baer v. Regents of the University of California*, 118 N.M. 685, 690, 884 P.2d 841, 846 (Ct.App. 1994), a lawsuit based on the doctrine of respondeat superior does not require an employee to be named as a defendant. In this case, as in *Baer*, we have been pointed to no authority "for the proposition that, in order to prove agency, the agent must be joined as a party to the action." *Id.* We also find persuasive on this issue Lopez's argument that under Rule 19(a) of the Federal Rules of Civil Procedure, an " 'employee is not a necessary party to a suit against his employer under *respondeat superior.*' " *Hall v. Nat'l Serv. Indus.*, 172 F.R.D. 157, 159 (E.D.Pa.1997) (quoting *Rieser v. District of Columbia*, 563 F.2d 462, 469 n. 39 (D.C.Cir. 1977)). Rule 1–019(A) is essentially identical to its federal counterpart. We may therefore look to federal law for guidance in determining the appropriate legal standards to apply under these rules. *See Benavidez v. Benavidez*, 99 N.M. 535, 539, 660 P.2d 1017, 1021 (1983) (stating that it was appropriate for the district court to look to federal law in construing Rule 1–060(B) NMRA); *Eastham v. Pub. Employees' Ret. Ass'n Bd.*, 89 N.M. 399, 402–03, 553 P.2d 679, 682–83 (1976) (relying on federal interpretations of Fed. R.Civ.P. 23). Because the TCA itself does not require the naming of an individual public employee, and because such individuals do not appear to be necessary parties under Rule 1–019, we conclude that a plaintiff may state a claim under the TCA by naming only a governmental entity.

{15} We are also unpersuaded by the Police Department's argument that New Mexico case law supports its position. The Police Department argues that under *Abalos*, the public employee is a necessary party to the litigation and a plaintiff must name both the relevant state agency and a negligent employee in order to state a claim under the TCA. The Police Department argues that when this Court wrote that a TCA claim requires a negligent public employee and a governmental entity, we were establishing a rule for who should be named as a defendant in a lawsuit. Contrary to the arguments of the Police Department, however, *Abalos* does not set forth a rule requiring an employee to be named in the complaint. In *Abalos*, this Court was specifically asked to address "(1) whether a governmental entity can be a named party defendant; and (2) if the entity can be sued, which entity should be named." 105 N.M. at 558, 734 P.2d at 798. We observed that "New Mexico's law is confusing and inconsistent regarding which entity can be sued and when," and we concluded that "one can sue the public employee and the agency or entity for whom the public employee works." *Id.* at 559, 734 P.2d at 799. We did not say that a plaintiff must sue both the employee and the agency. In explaining when a particular governmental entity can be named as a defendant in a TCA claim, this Court wrote, "To name a particular entity in an action under the Tort Claims Act requires two things: (1) a negligent public employee who meets one of the waiver exceptions under Sections 41–4–5 to –12; and (2) an entity that has immediate supervisory responsibilities over the employee." *Abalos*, 105 N.M. at 559, 734 P.2d at 799.

{16} However, *Abalos* never stated that a specific employee must be named. Rather, our discussion focused on which agency should be named in a TCA suit, and it was in the context of determining which employer was responsible for the negligent conduct that we discussed the employee. We simply pointed out that because an entity can only act through its employees, "it follows that one can sue the public employee and the agency or entity for whom the public employee works." *Id.* Thus, *Abalos* does not require both the employee and the entity to be named; it merely clarifies that both can be sued. *Id.* That is, as our cases illustrate, a plaintiff can sue the employee whose conduct falls within one of the waivers of immunity, and under Section 41–4–4, the governmental entity would pay the award. Alternatively, a plaintiff can sue the governmental entity who has the right to control the employee's conduct under a theory of respondeat superior. We are not persuaded, therefore, that *Abalos* stands for the principle that a negligent employee must be named as a defendant in a TCA case.

{17} Furthermore, we do not read *Silva* as holding that a public employee is a necessary party in a TCA action, as the Police Department contends. In *Silva,* our Supreme Court affirmed the principle that the doctrine of respondeat superior applied to TCA claims, explained that direct supervision was not a requirement under that doctrine, and held that the state as well as an individual agency could be named as a party if it had the right to control the employee's actions. 106 N.M. at 477, 745 P.2d at 385. Thus, the Court determined that the state and the Corrections Department could be named as defendants in a case alleging that negligent failure to provide care to a prisoner resulted in the prisoner's suicide. *Id.* at 477–78, 745 P.2d at 385–86. Nothing in *Silva* indicates that an individual employee must be named.

{18} Just as we are unpersuaded that *Abalos* and *Silva* require a negligent public employee to be named as a defendant, we are not convinced by the Police Department's argument that *Cobos v. Doña Ana County Housing Authority,* 1998–NMSC–049, 126 N.M. 418, 970 P.2d 1143, illustrates the application of that principle. In *Cobos,* the plaintiff, who was a resident of privately owned but government-subsidized housing, brought a wrongful death lawsuit against the Doña Ana County Housing Authority, the Board of County Commissioners, and employees of the Housing Authority after a fire caused by a defective fireplace killed her family. *Id.* ¶¶ 2–4. Our Supreme Court affirmed the district court's dismissal of the action against the Housing Authority and the board on the ground that they had not received notice under the TCA, but reversed the dismissal of the claim against the public employees. *Id.* ¶ 20. Nothing in *Cobos* indicates that the naming of the public employees as defendants was required under the TCA.

{19} We are not persuaded by the Police Department's arguments that *Abalos, Silva,* or *Cobos* requires the joinder of the entity and the employee in the caption of the complaint. Moreover, neither this Court nor our Supreme Court has ever required that a negligent public employee be named in the complaint. As NMTLA points out in its amicus brief, both this Court and our Su-

preme Court have resolved numerous appeals in which no employee was joined. Indeed, our review of dozens of TCA cases reveals that sometimes the governmental entity alone is named, *see, e.g., Leithead v. City of Santa Fe,* 1997–NMCA–041, 123 N.M. 353, 940 P.2d 459; sometimes the employee alone is named, *see, e.g., Celaya,* 2004–NMSC–005, 135 N.M. 115, 85 P.3d 239; and sometimes both the government entity and the employee are named, *see, e.g., Derringer v. State,* 2003–NMCA–073, 133 N.M. 721, 68 P.3d 961. Accordingly, we hold that the TCA does not require a specific negligent employee to be named as a defendant. We therefore reverse the district court's order granting summary judgment for the Police Department.

**B. *Coleman***

{20} Unlike Lopez's case, Margaret Coleman's case proceeded to trial, where the jury found the City's negligence was a proximate cause of Coleman's injuries. Following the entry of judgment on the jury verdict, the City moved for judgment as a matter of law or, in the alternative, for a new trial, and the trial court denied the motion. The City now appeals from the judgment on the jury verdict, arguing that Coleman's claim did not satisfy the jurisdictional prerequisites of a TCA claim. Specifically, the City appears to argue that Coleman's claim did not fall within one of the TCA waivers of immunity because Coleman failed to name a negligent public employee in her complaint and did not identify such an employee at trial.

{21} Like the Police Department in *Lopez,* the City argues that failure to name a public employee for whose conduct the City is responsible constitutes a failure to demonstrate that the cause of action fits within a TCA waiver and thus constitutes jurisdictional error. As we wrote in our discussion of *Lopez,* a named public employee is not a necessary party to a TCA claim that is based on the doctrine of respondeat superior. For the reasons given above, therefore, we are not persuaded that failing to name a specific public employee in the complaint is a defect, let alone a jurisdictional defect. *See State ex rel. State Highway & Transp. Dept. v. City of Sunland Park,* 2000–NMCA–044, ¶ 16, 129

N.M. 151, 3 P.3d 128 ("[T]he absence of an indispensable (let alone necessary) party is not considered a jurisdictional defect in New Mexico.").

{22} The City also argues that without an identified employee, it was impossible for the jury to determine if the City was responsible for that employee's conduct. In making this argument, the City relies on the wording of Section 41–4–11(A), which states that immunity is waived for "damage caused by the negligence of public employees while acting within the scope of their duties during the construction, and in subsequent maintenance of any bridge, culvert, highway, roadway, street, alley, sidewalk or parking area." Thus, the City argues, the statute must require at least that the evidence identify a negligent public employee who was directly supervised by the City.

{23} Because we have determined that the failure to name a specific employee does not implicate jurisdiction, the City was required to properly and timely preserve its arguments on this point. See State v. Garcia, 2005–NMCA–065, ¶ 6, 137 N.M. 583, 113 P.3d 406 (noting that arguments involving subject matter jurisdiction are an exception to the preservation requirement). We do not reach the merits of the City's argument because it was not properly preserved under the circumstances of this case.

{24} As indicated above, the requirement of preservation serves the twin purposes of allowing the trial court an opportunity to correct errors and creating a record for appeal. See Diversey Corp., 1998–NMCA–112, ¶ 38, 125 N.M. 748, 965 P.2d 332. But it also serves the purpose of allowing the opponent of an objection to meet the objection with either evidence or argument. See State v. Gomez, 1997–NMSC–006, ¶ 29, 122 N.M. 777, 932 P.2d 1 (indicating that one of the purposes of the preservation rule is to give the opposing party a fair opportunity to respond to the objection).

{25} In this case, by waiting until after the judgment had been entered to complain that a negligent employee had not been identified, the City deprived Coleman of the opportunity to introduce evidence identifying specific employees who might have been negligent. It further deprived Coleman of the opportunity to attempt to try a theory of the case that did not require the identification of a specific negligent employee. For example, in Cardoza v. Town of Silver City, 96 N.M. 130, 628 P.2d 1126 (Ct.App.1981), this Court construed Section 41–4–11 to place an affirmative burden on Silver City to maintain its streets so that they are safe for the traveling public. Id. at 134–35, 628 P.2d at 1130–31. In Cardoza, the driver of a car sued the Town of Silver City after he was injured when he drove his car over an improperly fitted manhole cover that popped out. Id. at 131, 628 P.2d at 1127. Silver City argued that it had no notice of the problem, but this Court held that Silver City installed the manhole cover and had a duty to determine "whether over the years, it had worn to the point where it was dangerous to the traveling public, and whether reasonable inspections of this cover had been made and reported." Id. at 135, 628 P.2d at 1131. While Cardoza might be limited to its specific facts, the important point for purposes of this case is that, by not objecting until after the conclusion of the proceedings below, the City deprived Coleman of the opportunity to show that the facts of her case were similar to those in Cardoza.

{26} Moreover, Coleman provided evidence of repeated notice to various City employees of the dangerous conditions on the sidewalk. Under the principles discussed in this opinion, and in the absence of any timely raised argument to the contrary, this was sufficient to establish her prima facie case.

## III. CONCLUSION

{27} We reverse the district court's order entering summary judgment for the Police Department in Lopez, and we affirm the jury verdict in Coleman.

{28} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and JONATHAN B. SUTIN, Judges.