182 P.3d 154 (2008)
2008-NMCA-052
STATE of New Mexico, Plaintiff-Appellant,
v.
Deanna MARTINEZ, Defendant-Appellee.
No. 26,893.
Court of Appeals of New Mexico.
February 26, 2008.
Certiorari Granted April 15, 2008.
*155 Gary K. King, Attorney General, Santa Fe, NM, Max Shepherd, Assistant Attorney General, Albuquerque, NM, for Appellant.
John Bigelow, Chief Public Defender, Santa Fe, NM, Adrianne R. Turner, Assistant Appellate Defender, Albuquerque, NM, for Appellee.
Certiorari Granted, No. 31,004, April 15, 2008.

OPINION
CASTILLO, Judge.
{1} The State appeals the district court's reversal of the metropolitan (metro) court's denial of Defendant's motion to dismiss based on a violation of the six-month rule. We affirm.
I. BACKGROUND
{2} On April 13, 2005, Defendant was arraigned on charges of driving while intoxicated (DWI), driving with a revoked license, and speeding. The metro court six-month rule, Rule 7-506(B) NMRA, required Defendant's trial to commence within 182 days of arraignment, which in this case would have been on or before October 12, 2005. The first pre-trial conference was held on April 28, 2005, and the State provided initial discovery. At a second pre-trial conference, Defendant reported that interviews of the two officers involved with the case had been requested. Neither party knew whether those interviews had been scheduled. At Defendant's request, trial was originally set for July 6, 2005, but the State was not ready to proceed on that date because one officer had not yet been interviewed and because the other officer was not available to testify. On that date, the metro court scheduled another pre-trial conference for August 25, 2005. However, on August 24, 2005, the metro court, sua sponte, reset Defendant's pre-trial hearing to October 7, 2005.
{3} On September 3, 2005, the metro court, again sua sponte, granted a 30-day extension to the 182-day rule under Rule 7-506(C). The order indicated that this extension was to be applied only "if it becomes necessary." In the order, the metro court explained the basis for the extension as follows. On August 25, 2005, the two officers who would testify were attending the funeral of a slain fellow officer and could not be present in court. This created a situation that was "beyond the control of the [S]tate or the court [and] that prevented the case from being heard within the time period." See Rule 7-506(C)(5). In another notice, the metro court set a pre-trial conference for September 23, 2005. At this pre-trial conference, Defendant reported that one officer had still not appeared for a scheduled interview, and neither party knew whether the interview had been reset. The metro court ordered the State to arrange for the interview and scheduled trial for November 2, 2005. The officer's interview was conducted on October 6, 2005.
{4} On November 2, 2005, Defendant moved to dismiss the case for failure to commence trial within 182 days. Defendant argued that the metro court had improperly found that the inability of the officers to attend the August 25 setting was an extraordinary circumstance that could justify extending the time to commence trial. Defendant further contended that the August 25 setting was a pre-trial conference, not a trial, and that the officers were therefore not required to be present at all. The metro court denied Defendant's motion to dismiss.
{5} Defendant entered a conditional plea of guilty to DWI and driving without a license, and she reserved the right to appeal *156 the metro court's denial of the motion to dismiss. On appeal to the district court, Defendant again argued that no exceptional circumstances justified the extension of time to commence trial. In response, the State argued that there were exceptional circumstances, that Defendant had not preserved her argument regarding extraordinary circumstances, and that Defendant had invited the error.
{6} As to the exceptional circumstances, the State pointed to the metro court's inability to have a hearing on August 25 because of the funeral of an Albuquerque Police Department officer; in turn, this circumstance delayed discovery matters, such as witness interviews, which then affected the trial date and thereby necessitated the extension. Relying on Rule 7-506(C)(5), the district court determined that the unavailability of the officers for the August 25 setting did not constitute exceptional circumstances "beyond the control of the Judge or the State that prevented Martinez' case from being tried on or before October 12." Concluding additionally that the issue was properly preserved, the district court reversed the ruling of the metro court and remanded the case to be dismissed with prejudice. The State appeals the district court's judgment.
II. DISCUSSION
{7} The State does not challenge the district court's determination that there were no exceptional circumstances justifying the metro court's issuance of a thirty-day extension pursuant to Rule 7-506(C). Instead, the State limits its issues on appeal to (1) whether Defendant properly and timely preserved her objection to the extension and (2) whether Defendant invited any error that resulted from the extension.
{8} In pertinent part, Rule 7-506(B)(1) establishes that "[t]he trial of a criminal citation or complaint shall be commenced within one hundred eighty-two (182) days after . . . the date of arraignment." The rule continues and explains that if a trial does not commence within 182 days, "the complaint or citation filed against such person shall be dismissed with prejudice." Rule 7-506(E). The time to commence trial may be extended by the court in a variety of circumstances, including
a determination by the court that exceptional circumstances exist that were beyond the control of the state or the court that prevented the case from being heard within the time period, provided that the aggregate of all extensions granted pursuant to this subparagraph may not exceed thirty (30) days.
Rule 7-506(C)(5). We have recently held that "when a defendant asserts that [the] trial did not commence within the time required by the rule, it is the [s]tate's burden to demonstrate that trial has commenced within the 182-day base period or that a subsequent triggering event is applicable and that trial commenced within 182 days of that triggering event." State v. Granado, 2007-NMCA-058, ¶ 14, 141 N.M. 575, 158 P.3d 1018.
{9} The State argues that the metro court had no opportunity to remedy any error because Defendant did not object to the metro court's sua sponte extension of the time to commence trial until November 2, 2005, several days after the original 182 days had expired. The State asserts that the objection was therefore untimely and that any error regarding extraordinary circumstances either was not preserved for appeal or was an invited error. We disagree.
A. Preservation
{10} The purposes of the preservation requirement are to "(1) allow[ ] the trial court an opportunity to correct any errors, thereby avoiding the need for appeal, and (2) creat[e] a record from which the appellate court can make informed decisions." Lopez v. Las Cruces Police Dep't, 2006-NMCA-074, ¶ 6, 139 N.M. 730, 137 P.3d 670. In order to preserve an issue for appeal, "it must appear that [the] appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." Id. (alteration in original) (internal quotation marks and citation omitted). Defendant's motion to dismiss gave the metro court an opportunity to correct any errors. The remedy is found in the rule: in the event that a trial fails to commence within 182 days of arraignment, "the *157 complaint or citation filed against such person shall be dismissed with prejudice." Rule 7-506(E). While we agree that this is not the remedy sought by the State, it is the remedy set out in the rule. Our review of the record demonstrates that Defendant's motion to dismiss accomplished both of the stated purposes of the preservation requirement.
{11} The State's argument focuses on the timing of the motion. According to the State, if Defendant had alerted the metro court to the possible error before the six-month period had run, the metro court could have scheduled the trial earlier, and the State's case would not have run afoul of the rule. The State contends that Defendant should have objected no later than September 23, the date on which the metro court set the trial for November 2. We observe that the State's argument is based on conjecture and hindsight. No one can say what the metro court would have done had the objection been made before the expiration of the six-month rule. The last witness interview was not conducted until October 6, only six days before the expiration date of October 12. We do not know if the interview date could have been changed, and if not, we do not know if the State would have been ready had the trial been scheduled before October 6. Additionally, we have no way of knowing the extent of the metro court's docket and if it would have been possible to change the trial date. There are too many variables for anyone to conclude that the metro court would have scheduled the trial before the expiration of the six-month rule had Defendant filed an objection on September 23.
{12} Further, at the time the metro court set the trial for November 2, no one knew that on appeal, the district court would determine that there were no exceptional circumstances to support the extension. The State found no fault with the metro court's extension at the time it was made. The State objected to Defendant's motion to dismiss and argued that there were exceptional circumstances to justify the extension. The State took the same position on appeal to the district court. Now the State concedes the issue of exceptional circumstances but urges us to hold that Defendant had to have raised her objections to the extension several days before the 182-day period had expired. We agree with the State that when presented with Defendant's motion to dismiss, the metro court no longer had the option to reset the trial to a date before the original expiration of the six-month rule. This is not an uncommon occurrence. It is the burden of the state to bring a defendant to trial within the time constraints set forth in our rules. Granado, 2007-NMCA-058, ¶ 14, 141 N.M. 575, 158 P.3d 1018; see also Rule 7-506 comm. cmt. ("It is the continuing duty of the prosecutor to seek the commencement of trial within the time specified in this rule."). A defendant is under no obligation to ensure that trial commence within 182 days; this is the state's obligation. See Zurla v. State, 109 N.M. 640, 644, 789 P.2d 588, 592 ("A defendant does not have a duty to bring himself to trial[.]"). Once the time period has expired, a defendant has the responsibility to file a motion to dismiss. See State v. Guzman, 2004-NMCA-097, ¶ 11, 136 N.M. 253, 96 P.3d 1173 (stating that a defendant's responsibility to file a dismissal begins when the rule date has passed). It is not until the 182-day period expires that a defendant has any basis for a motion to dismiss based on a violation of Rule 7-506. Accordingly, we hold that Defendant was not required to file her motion to dismiss before the time period in the rule passed.
{13} Moreover, we are concerned that the State's position results in Defendant's being primarily responsible for the correct evaluation of the validity of the metro court's extension. We conclude that the State agreed with the metro court that the extension was proper under Rule 7-506(C)(5) because the State raised no objections. The State had time after the September 23 hearing yet failed to alert the metro court to a possible problem with the extension. Now, after losing on appeal and conceding that there were no exceptional circumstances to support the extension, the State wants this Court to reverse the dismissal of Defendant's case based on just what the State failed to doobject to the extension before the 182-day period had expired. This gives the State two bites at the apple. If the extension is valid, there is *158 no dismissal. If the extension is held to be invalid, a defendant's failure to object before the expiration of the 182-day period has the same effect. The State cannot have it both ways.
B. Invited Error
{14} The State additionally argues that Defendant invited the errorthe violation of the six-month ruleby not objecting to the metro court's extension before the expiration of the time to commence trial. We are unpersuaded. We have asserted before that "[t]o allow a defendant to invite error and to subsequently complain about that very error would subvert the orderly and equitable administration of justice." State v. Collins, 2007-NMCA-106, ¶ 27, 142 N.M. 419, 166 P.3d 480 (alteration in original) (internal quotation marks and citation omitted). The circumstances of the present case, however, do not favor the application of the invited error doctrine for two reasons.
{15} Defendant took no action that led to the violation of the rule. The extension of time was the result of a series of events, including the State's inability to comply with its discovery obligations, the officers' failure to appear for interviews, and their inability to attend the pre-trial hearing. The metro court's sua sponte order was based on the court's evaluation of these circumstances circumstances not caused or initiated by Defendant. See Leeder v. Leeder, 118 N.M. 603, 610, 884 P.2d 494, 501 (Ct.App.1994) (observing that a party does not invite error when that party did not request the disputed relief).
III. CONCLUSION
{16} We affirm the district court's judgment reversing the metro court's sentencing order and remanding the matter to be dismissed with prejudice.
{17} IT IS SO ORDERED.
WE CONCUR: JONATHAN B. SUTIN, Chief Judge, and RODERICK T. KENNEDY, Judge.