GRIFFIS, P. J.,
for the Court:
MODIFIED OPINION ON MOTION FOR REHEARING
¶ 1. This case is before us on a motion for rehearing; the motion is granted, and the original opinion is withdrawn and substituted with this opinion.
¶ 2. In this respondeat superior action, the Lowndes County County Court granted summary judgment in favor of the defendant, Home Health Care Affiliates Inc. (Home Health), because the plaintiff, Dorothy Sykes, failed to serve process upon Home Health’s employee, Zelp Gambleton, within 120 days from when the summons was issued. Sykes did serve process upon Home Health. Nevertheless, the county court found that because Gambleton was not served, and the statute of limitations had expired, summary judgment was proper for Home Health. The Lowndes County Circuit Court affirmed. We find that in a respondeat superior action, the employer and the employee are jointly and severally liable; therefore, Gambleton was not a necessary party, and Home Health was not entitled to summary judgment. Consequently we reverse and remand this action for further proceedings consistent with this opinion.
FACTS
¶ 3. On May 8, 2009, Sykes filed suit in the County Court of Lowndes County against Home Health and its employee, Gambleton. The action arose from a automobile accident that occurred on May 8, 2006, in which a vehicle driven by Gamble-ton collided with a vehicle occupied by Sykes. As a result, Sykes alleged she suffered personal injuries. Sykes further alleged Gambleton negligently and carelessly operated his vehicle, and was working in the scope of his employment with Home Health at the time of the automobile accident.
¶ 4. Sykes timely served Home Health in accordance with Rule 4(h) of the Mississippi Rules of Civil Procedure. Gambleton, however, was never served. On September 28, 2009, Home Health filed a motion for summary judgment in the county court. On April 23, 2010, the county court entered an order granting summary judgment to Home Health and dismissing with prejudice the cause of action against Home Health. The county court also dismissed the claims against Gambleton without prejudice. In its order, the county court ruled that (1) the action against Home Health was barred by the running of the applicable statute of limitations against its employee, Gambleton; and (2) Sykes failed to establish good cause for failing to timely serve Gambleton within the 120 days provided by Rule 4(h). Sykes appealed the county court’s ruling to the Circuit Court of Lowndes County. On May 26, 2011, the circuit court affirmed the ruling of the county court. Sykes appealed to the Mississippi Supreme Court, and the appeal was assigned to this Court.
*109 STANDARD OF REVIEW
¶ 5. This Court employs a de novo standard of review when reviewing a trial court’s grant of summary- judgment. Webb v. Imperial Palace of Miss., LLC, 76 So.3d 759, 759-60 (¶ 3) (Miss.Ct.App.2011). Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). We will consider all of the evidence before the trial court in the light most favorable to the non-moving party. Webb, 76 So.3d at 760 (¶ 3). The party opposing the motion “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e).
DISCUSSION
¶ 6. The facts surrounding this appeal from the grant of summary judgment are not in dispute. There was an automobile accident between Sykes and Gamble-ton, and Gambleton was employed by Home Health. Sykes’s respondeat superi- or action was filed within the three-year statute of limitation generally applicable to . negligence. See Miss.Code Ann. § 15 — 1— 49 (Rev.2012). Simply stated, the issue in this case is that Home Health contends it may not be sued unless Gambleton is a named party to the suit, and unless he was personally served with the summons and complaint. More precisely, Home Health asserts summary judgment was proper because Sykes’s claim is based upon respon-deat superior, which is a derivative action imposing liability upon Home Health for Gambleton’s actions. And, because Gam-bleton was never served with process, and because the county court found good cause did not exist for failure to serve process, and because the statute of limitations has run as to Gambleton, Home Health contends Sykes cannot recover from either Gambleton or itself as a matter of law.
¶ 7. Under the doctrine of re-spondeat superior, the employer and employee are jointly and severally liable for injury caused by the employee’s negligence. Capital Transp. Co. v. McDuff, 319 So.2d 658, 661 (Miss.1975). The practical implication of joint and several liability is that a plaintiff in a respondeat superi- or action may sue either the employer or the employee, or both. Id. (citing Thomas v. Rounds, 161 Miss. 713, 718-19, 137 So. 894 (1931)). See also Jeffrey Jackson & Mary Miller, Encyclopedia of Mississippi Law § 4:11 (2001). American Jurisprudence states the general rule as to necessary parties: “[T]he right of an injured party to sue the employer is a direct or primary right because the claim is distinct and separate from the claim against the employee; therefore, the employee is not a necessary party to an action against an employer.” Am.Jur.2d Employment Relationship § 400 (2004). In fact, there have been suits based upon respondeat superior in which the negligent employee was never made a party. See, e.g., Children’s Med. Group v. Phillips, 940 So.2d 931 (Miss.2006); AAA Cooper Transp. Co. v. Parks, 18 So.3d 909 (Miss.Ct.App.2009).
¶ 8. Nevertheless, there are exceptions to the general rule that an employer may be sued separately for the negligence of an employee acting in the scope of his employment. A plaintiff may not release either an employee or employer from any claim, and then pursue the ■ same claim against the unreleased employee or employer. J & J Timber Co. v. Broome, 932 So.2d 1, 6 (¶ 20) (Miss.2006) *110 (release of employer); Granquist v. Crystal Springs Lumber Co., 190 Miss. 572, 581-82, 1 So.2d 216, 218 (1941) (release of employee). At common law, an employer’s vicarious liability in a respondeat superior action gives rise to a right of indemnification from the employee to compensate the employer for damages paid to an injured party. Gatlin v. Methodist Med. Ctr., Inc., 772 So.2d 1023, 1028 (¶ 14) (Miss.2000); Granquist, 190 Miss. at 582, 1 So.2d at 218. Any release of a party that would prevent the indemnification of the party who eventually had to satisfy a judgment based on another’s negligence will prevent suit based upon respondeat superior. Broome, 932 So.2d at 9 (¶ 30) Somewhat related are the defenses of res judicata and collateral estoppel, which would preclude recovery against an employer when a previous suit against an employee resulted in a jury verdict for the employee and a finding of no negligence. McCoy v. Colonial Baking Co., Inc., 572 So.2d 850, 852 (Miss.1990). A further exception to the general rule that an employer may be sued without joinder of the negligent employee occurs when the statute of limitations expired as to the employee before suit was brought against the employer. Lowery v. Statewide Healthcare Serv., Inc., 585 So.2d 778, 779-80 (Miss.1991).
¶ 9. This case, however, does not present any of these exigencies. There is no doubt Sykes’s suit was timely, and Home Health was properly served with a summons. There is no legal preclusion from litigating Gambleton’s alleged negligence; rather, the only legal preclusion present in this case is that Gambleton cannot be directly liable to Sykes. Further, assuming Sykes prevails in this respondeat superior action, nothing precludes Home Health from seeking indemnification from Gambleton. Home Health’s motion for summary judgment was solely based upon Sykes’s failure to serve process on Gambleton. Simply put, there is no legal authority to support Home Health’s assertion that as a matter of law it may not be sued unless Gamble-ton is a party to Sykes’s suit.[1] Accordingly, we find the circuit court erred in affirming summary judgment for Home Health, and we reverse that judgment and remand for proceedings consistent with this opinion.
¶10. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON AND JAMES, JJ., NOT PARTICIPATING.

. See, e.g., Rieser v. District of Columbia, 563 F.2d 462, 469 n. 39 (D.C.Cir.1977) ("[T]he employee is not a necessary party to a suit against his employer under respondeat superior.”); Yamane v. Pohlson, 111 Hawai'i 74, 137 P.3d 980, 990 (2006) (medical group could be sued for doctor’s malpractice without doctor being made a party); Lopez v. Las Cruces Police Dep’t, 139 N.M. 730, 137 P.3d 670, 676 (Ct.App.2006) (governmental entity could be liable for employee's intentional tort without the employee being made a party); Dixon-Gales v. Brooklyn Hosp. Ctr., 35 Misc.3d 676, 941 N.Y.S.2d 468, 472 (N.Y.Sup.Ct.2012) (hospital could be sued for nurse’s negligence without nurse being made a party).