ROBERTS, J.,
for the Court:
¶ 1. Candice Fulgham sued AAA Cooper Transportation Company after she was involved in a traffic accident. Fulgham never named the driver of AAA Cooper’s eighteen-wheeler truck as a defendant. AAA Cooper filed a motion for summary judgment and argued that because the statute of limitations had expired and Fulgham had neither named the driver as a defendant nor served him with process, Fulgham was precluded from recovery against AAA Cooper. The Lee County Circuit Court agreed, and granted AAA Cooper’s motion for summary judgment. Fulgham appeals. We find that, subject to certain exceptions that do not apply in this case, it is not necessary for a plaintiff to name an employee as a defendant in order to recover under the doctrine of responde-at superior. Accordingly, we reverse the judgment of the circuit court and remand this matter to its trial docket.
FACTS AND PROCEDURAL HISTORY
¶ 2. On January 10, 2006, Fulgham was involved in a traffic accident in Saltillo, Mississippi. According to the allegations in her complaint, the driver of an eighteen-wheeler owned by AAA Cooper pulled out in front of a vehicle being driven by Joshua Jeffcoat. Fulgham further alleged that Jeffcoat swerved to avoid the eighteen-wheeler, and collided with her vehicle as a result.
¶ 8. On January 9, 2009, Fulgham sued AAA Cooper, Jeffcoat, and the unnamed driver of AAA Cooper’s eighteen-wheeler. During discovery, AAA Cooper disclosed that Scottie Harrison had been driving the eighteen-wheeler that allegedly caused Jeffcoat to collide with Fulgham. Even so, Fulgham never amended her complaint to name Harrison as a defendant. It follows that Fulgham never served Harrison with process.
¶ 4. On October 15, 2012, AAA Cooper filed a motion for summary judgment. AAA Cooper argued that it should be dismissed as a defendant to Fulgham’s lawsuit because she had never amended her complaint to name Harrison as a defendant, and the statute of limitations against him had expired. AAA Cooper reasoned that because the statute of limitations against Harrison, its employee, had expired, it could not be liable under the doctrine of respondeat superior.
¶ 5. The circuit court did not conduct a court hearing on AAA Cooper’s motion for summary judgment. However, the circuit court cited this Court’s original opinion in Sykes v. Home Health Care Affiliates, Inc., 125 So.Bd 107 (Miss.Ct.App.2013), and agreed that AAA Cooper could not be liable to Fulgham under the doctrine of respondeat superior because the statute of limitations against Harrison had expired. Consequently, on January 22, 2013, the circuit court granted AAA Cooper’s motion for summary judgment and certified the judgment as final. Fulgham appeals.
STANDARD OF REVIEW
¶ 6. An appellate court conducts a de novo review of a trial court’s decision to grant a motion for summary judgment. *809 Kilbullen v. Kansas City S. Ry., 8 So.3d 168, 174 (¶ 14) (Miss.2009). Mississippi Rule of Civil Procedure 56(c) provides that summary judgment “shall be rendered ... if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” We must review the evidence in the light most favorable to the non-moving party. Kilhullen, 8 So.3d at 174 (¶ 14).
¶ 7. To overcome a motion for summary judgment, the non-moving party “may not rest upon the mere allegations or denials of his pleadings, but his response ... must set forth specific facts showing there is a genuine issue for trial.” M.R.C.P. 56(e). The Mississippi Supreme Court has recently held:
[I]n a summary judgment hearing, the burden of producing evidence in support of, or in opposition to, the motion is a function of Mississippi rules regarding the burden of proof at trial on the issues in question. The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to [a] judgment as a matter of law. The movant bears the burden of production if, at trial, he would bear the burden of proof on the issue raised. In other words, the movant only bears the burden of production where [he] would bear the burden of proof at trial. Furthermore, summary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party’s case, and on which that party will bear the burden of proof at trial.
Karpinsky v. Am. Nat’l Ins. Co., 109 So.3d 84, 88-89 (¶ 11) (Miss.2013) (quotations omitted).
ANALYSIS
¶ 8. AAA Cooper relies on this Court’s original decision in Sykes to support its argument that Fulgham’s suit is precluded by the fact that she did not name Harrison as a defendant. In Sykes, this Court initially held that a plaintiffs claim against an employer is precluded where the plaintiff fails to name an employee as a defendant and the statute of limitations has run as to the employee. But upon rehearing, we withdrew our opinion and substituted a modified opinion. Sykes v. Home Health Care Affiliates, Inc., 125 So.3d 107, 108 (¶ 1) (Miss.Ct.App.2013). The circuit court granted AAA Cooper’s motion for summary judgment after we handed down our original opinion, but before we modified our opinion on rehearing. Similarly, AAA Cooper filed its appellate brief before we modified our opinion on rehearing.
¶ 9. In our modified opinion, we noted that “[u]nder the doctrine of respondeat superior, the employer and employee are jointly and severally liable for injury caused by the employee’s negligence.” Id. at 109 (¶ 7) (citing Capital Transp. Co. v. McDuff, 319 So.2d 658, 661 (Miss.1975)). We further noted that “[t]he right of an injured party to sue the employer is a direct or primary right because the claim is distinct and separate from the claim against the employee; therefore, the employee is not a necessary party to an action against an employer.” Id. (emphasis added). Consequently, this Court reversed the trial court’s judgment in Sykes and remanded the matter for further proceedings. Id.
¶ 10. In Sykes, we stated that there are exceptions to the principle that an employee is not a necessary party to an action against an employer. Id. at 109-10 (¶ 8). However, none of those exceptions are present in this case. Although the statute of limitations has expired regard *810 ing any claim that Fulgham could raise against Harrison individually, there is no legal preclusion from litigating Harrison’s alleged negligence as it applies to AAA Cooper’s liability under the doctrine of re-spondeat superior. Id. at 110 (¶ 9). There is no merit to AAA Cooper’s argument that it may not be sued unless Harrison is a party to Fulgham’s suit. Accordingly, we reverse the circuit court’s judgment and remand this matter to the circuit court’s active trial docket.
¶ 11. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.