This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38344

**GRAND RIVER ENTERPRISES
SIX NATIONS, LTD,**

Plaintiff-Appellant,

v.

**NEW MEXICO OFFICE OF
THE ATTORNEY GENERAL,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Matthew J. Wilson, District Court Judge**

Barnhouse Keegan Solimon &West LLP
Randolph H. Barnhouse
Michelle T. Miano
Kelli J. Keegan
Los Ranchos de Albuquerque, NM

for Appellant

Raúl Torrez, Attorney General
Joseph M. Dworak, Assistant Attorney General
Nicholas M. Sydow, Civil Appellate Chief
Amye Green, Assistant Attorney General
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Grand River Enterprises Six Nations Limited (Grand River) appeals the district court's affirmance of the administrative denial of Grand River's certification for listing on the New Mexico Tobacco Manufacturers Directory (the Directory) by the New Mexico Attorney General's Office (AGO). On appeal, Grand River makes three arguments: (1) the AGO deprived Grand River of its right to due process when the AGO failed to follow what Grand River calls the "statutory adjudication provisions" in determining whether to grant or deny Grand River's certification package; (2) the district court's affirmation of the AGO's denial imposed an "unconstitutional condition" on Grand River's listing application; and (3) the process by which Grand River was denied listing on the Directory violated its procedural due process rights.[1] We affirm.

## BACKGROUND

**{2}** Grand River is a Canada-based corporation that manufactures cigarettes and seeks listing on the Directory so that it can sell its products in New Mexico. *See* NMSA 1978, § 6-4-18(A) (2009) ("The attorney general shall develop, maintain and publish on its web site a directory listing all tobacco product manufacturers that have provided current, accurate and complete certifications as required by the Tobacco Escrow Fund Act . . . and all brand families that are listed in those certifications."). The parties agree that the procedural history of this case is "a bit complex," but for purposes of this opinion, we believe a short summary suffices.

**{3}** Grand River applied for listing on the Directory via an administrative process outlined by statute, was issued a preliminary denial by the AGO, responded to that denial, and was eventually mailed a notice of final determination in which the AGO rejected Grand River's certification for listing. Importantly, the parties appear to agree that Grand River's application was denied—at least in part—due to allegations of past escrow payment issues, as well as application candor issues in New Mexico and other jurisdictions. Many of these allegations have not been subject to judicial review, and thus Grand River refers to these allegations as "unadjudicated."

**{4}** The administrative process took approximately eighteen months and, during this time, Grand River sued the AGO in district court seeking various forms of equitable relief—namely, to direct the AGO to list Grand River on the Directory. Eventually, the district court action was consolidated with the administrative appeal of the final determination to the district court. After a hearing on the consolidated action, the district court affirmed the AGO's denial. Grand River appeals.

## DISCUSSION

---

[1]Grand River's brief in chief focuses exclusively on these statutory and constitutional claims of error. In its reply brief, Grand River argues that substantial evidence does not support the AGO's decision to deny Grand River's listing. Because this argument was raised for the first time in the reply brief, we decline to consider it. *See Guest v. Berardinelli*, 2008-NMCA-144, ¶ 36, 145 N.M. 186, 195 P.3d 353.

**{5}**     Our standard of review in this case is somewhat unusual because the relevant district court order in this case indicates that the court was acting under both its appellate and original jurisdictions. *See Maso v. N.M. Tax'n & Revenue Dep't*, 2004-NMCA-025, ¶ 17, 135 N.M. 152, 85 P.3d 276 (recognizing that the district court can simultaneously exercise its appellate and original jurisdiction).[2] As to the issues decided in the district court's appellate capacity, "we review the administrative decision under the same standard of review used by the district court while also determining whether the district court erred in its review." *Paule v. Santa Fe Cnty. Bd. of Cnty. Comm'rs*, 2005-NMSC-021, ¶ 26, 138 N.M. 82, 117 P.3d 240. When a district court sits in its appellate capacity based on a specific statutory right to review, it assesses "(1) whether the agency acted fraudulently, arbitrarily, or capriciously; (2) whether based upon the whole record on appeal, the decision of the agency is not supported by substantial evidence; (3) whether the action of the agency was outside the scope of authority of the agency; or (4) whether the action of the agency was otherwise not in accordance with law." Rule 1-074(R); *see* NMSA 1978, § 39-3-1.1(D) (1999). In this case, we understand Grand River's challenges on appeal to largely fall under the last of these—that the AGO acted in a manner "not in accordance with law."

**{6}**     As for the district court's exercise of its original jurisdiction, because the only questions resolved by the court in this capacity were legal ones, our review is de novo. *See, e.g.*, *Jones v. Schoellkopf*, 2005-NMCA-124, ¶ 8, 138 N.M. 477, 122 P.3d 844. In any event, because all of Grand River's claims of error in this appeal are questions of law—whether statutory or constitutional—our review here is de novo under either approach. *See Rio Grande Chapter of Sierra Club v. N.M. Mining Comm'n*, 2003-NMSC-005, ¶ 17, 133 N.M. 97, 61 P.3d 806 ("[W]e will not defer to the [agency's] or the district court's statutory interpretation, as this is a matter of law that we review de novo.").

## I.     Due Process and the Adjudication Provisions of the Tobacco Laws

**{7}**     Grand River argues that the AGO violated Grand River's due process rights by failing to comply with the Tobacco Laws' "statutory adjudication provisions" for resolving allegations of non-compliance.[3] Specifically, Grand River contends that the relevant

---

2Grand River did not explicitly ask the district court to exercise its original jurisdiction, and the district court itself appears to have believed it was acting solely in its appellate capacity. Nevertheless, because the district court ruled on Grand River's novel arguments regarding the dormant Commerce Clause (and, to a lesser extent, one of its due process arguments), we believe that the district court exercised its original jurisdiction—i.e., it fairly considered arguments that were never presented during the administrative process. *See Maso*, 2004-NMCA-025, ¶ 14 ("Without question, the district court has the authority to consider constitutional claims in the first instance."). To come to this conclusion, we echo our reasoning in *Maso*: although "the district court's opinion purports to exercise appellate jurisdiction pursuant to Rule 1-074(Q) [NMRA], . . . it is clear from the substance of the . . . opinion that the district court . . . considered the parties' arguments on the [constitutional] issue[s], unconstrained by the . . . limits on appellate review. Consistent with the district court's approach, we construe the opinion and order as properly issuing pursuant to the district court's original jurisdiction." *Maso*, 2004-NMCA-025, ¶ 15.

3The relevant statutory sections, which we collectively call "the Tobacco Laws," are found at NMSA 1978, Sections 6-4-12 to -24 (1999, as amended through 2009). This range comprises both the original Model Escrow Statute, *see* §§ 6-4-12, -13, and the Tobacco Escrow Fund Act, *see* §§ 6-4-14 to -24.

statutory scheme includes mandatory "adjudication provisions," compliance with which affords "prima facie constitutional due process" to tobacco manufacturers, and thus the AGO violated Grand River's right to due process by choosing to ignore those provisions and instead rely on "unadjudicated" allegations of non-compliance as a basis to deny certification.

**{8}**     We are not persuaded. Grand River begins with the premise that the Tobacco Laws contain "statutory provisions intentionally adopted by the Legislature to direct the process by which the AGO must adjudicate allegations of non-compliance." Grand River contends there are two such provisions in the Tobacco Laws but ignores the plain language of the statutes. *See Whitely v. N.M. State Pers. Bd.*, 1993-NMSC-019, ¶ 5, 115 N.M. 308, 850 P.2d 1011 (stating that the plain language of the statute is the primary indicator of legislative intent). First, Grand River argues, based on  Section 6-4-13(C), that "[t]o adjudicate allegations of non-compliance under New Mexico's Model Escrow Statute . . . the Act *directs* [the] AGO to 'bring a civil action on behalf of the state against any tobacco product manufacturer that fails to place into escrow the funds required.'" (emphasis added) (quoting Section 6-4-13(C)). But when the partially quoted sentence is read in its entirety, Section 6-4-13(C) does not *direct*—i.e., mandate—the AGO to bring any civil action. Instead, it *permits* the AGO to do so:

> The attorney general *may* bring a civil action on behalf of the state against any tobacco product manufacturer that fails to place into escrow the funds required under Paragraph (2) of Subsection A of this section and Subsection B of this section.

Section 6-4-13(C) (emphasis added). We believe that the use of the word "may" in this statute indicates that the Legislature intended to confer on the AGO the discretion to bring a civil action under the stated circumstances, not to obligate the AGO to do so. *See Thriftway Mktg. Corp. v. State*, 1992-NMCA-092, ¶ 9, 114 N.M. 578, 844 P.2d 828 ("[A] fundamental rule of statutory construction states that in interpreting statutes, the words 'shall' and 'may' should not be used interchangeably but should be given their ordinary meaning."). Grand River does not acknowledge this discretionary language, much less argue for why we should depart from it when interpreting Section 6-4-13(C). As a result, Grand River's reliance on this statute is misplaced. For the same reason, Grand River's reliance on the second purported "statutory adjudication provision" is misplaced. Grand River partially quotes Section 6-4-22(G) for the proposition that "the Legislature *directs* the AGO to 'seek an injunction to compel compliance with or restrain a threatened or actual violation' of certain unlawful actions." (Emphasis added.) But again the statutory language is permissive, not mandatory: "The attorney general or the department *may* seek an injunction to compel compliance with or to restrain a threatened or actual violation of Subsection A of this section." Section 6-4-22(G) (emphasis added).

**{9}**     Because Grand River has not established that the AGO failed to take any action required by statute, we decline to hold that the AGO violated Grand River's right to due process right by not filing a civil action.

## II. The Unconstitutional Conditions Doctrine Does Not Apply

**{10}** Relatedly, Grand River argues that the district court's affirmance of the AGO's decision violates the "unconstitutional conditions doctrine."[4] We disagree.

**{11}** The unconstitutional conditions doctrine dictates that "the government may not deny a benefit to a person on a basis that infringes his constitutionally protected [rights] even if he has no entitlement to that benefit." *United States v. Am. Libr. Ass'n, Inc.*, 539 U.S. 194, 210 (2003) (plurality opinion) (internal quotation marks and citation omitted). The doctrine "vindicates the Constitution's enumerated rights by preventing the government from coercing people into giving them up." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 604 (2013).

**{12}** Grand River has not persuaded us that it is being coerced to give up any constitutional right in exchange for the benefit of being listed on the Directory. As we understand it, Grand River again relies on the notion that the due process clause prohibits the AGO from relying on "unadjudicated" allegations as a basis to deny Grand River's listing on the Directory. In this sense, this argument appears to be a repackaged version of Grand River's previous argument, and we find nothing persuasive in this version.

**{13}** In arguing that the district court erred in affirming the AGO's consideration of "unadjudicated allegations" in making its listing determination, Grand River has not carried its burden of "demonstrat[ing], by providing well-supported and clear arguments, that the district court has erred." *Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261; *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error.") Grand River points to no authority, and we likewise have found none, that supports a broad due process principle that requires that *only* adjudicated allegations of non-compliance can form the basis of a denial of a license to conduct business in a state.

**{14}** Absent such a broad constitutional principle, the source of Grand River's alleged due process violation must be found in the relevant New Mexico statutory scheme that governs the listing process. We find no such statutory source. The statute relied on by the AGO to deny Grand River's certification is Section 6-4-18(A)(3)(c), which states that the AGO "shall not" list any nonparticipating manufacturer who "fails to provide reasonable assurance that it will comply with the requirements of the Tobacco Escrow Fund Act." The term "reasonable assurances" is later defined as "information and documentation establishing *to the satisfaction of the attorney general* that a failure to pay in New Mexico or elsewhere was the result of a good faith dispute over the payment

---

[4]The parties dispute whether this issue was preserved. Although Grand River neither invoked the doctrine by name in the administrative or district court proceedings nor cited relevant precedent, Grand River made related arguments in those proceedings, and we therefore assume without deciding that the issue is preserved.

obligation." Section 6-4-18(B) (emphasis added). Section 6-4-18 appears to confer broad authority on the AGO to make an initial nonparticipant listing determination. We see nothing in the text of this statute that imposes limits on the types of information the AGO may rely on in the exercise of its discretion, much less anything forbidding the AGO from relying on unadjudicated claims of non-compliance. Moreover, as we have explained, the Tobacco Laws do not *require* the AGO to adjudicate alleged claims of non-compliance before considering such claims in its assessment of an application for listing on the Directory.

**{15}** For these reasons, we are not persuaded that any violation of the unconstitutional conditions doctrine occurred here.

### III.  Grand River's Procedural Due Process Claim Is Unpreserved

**{16}** Finally, Grand River makes a procedural due process argument against the means by which it was denied listing on the Directory. Grand River anchors this claim of error in *Matthews v. Eldridge*, 424 U.S. 319 (1976), arguing—for the first time on appeal—that under the *Matthews* three-factor test, Grand River should have been afforded greater procedural protections.

**{17}** We decline to address the merits of Grand River's *Matthews* argument because we conclude that it was not preserved. Grand River never made this argument during the administrative or district court proceedings; Grand River did not cite *Matthews* or its progeny and it did not mention, much less discuss, the *Matthews* factors. Grand River contends that it preserved the issue by referring generally to "due process," "bias," and "impartiality" during the district court proceedings. We do not believe that such vague assertions are adequate to preserve a due process claim under *Matthews*. Because "due process" is a capacious notion with various distinct manifestations, greater specificity is required to properly preserve a claim that the three-factor test of *Matthews* mandated greater procedural protections. "Preservation is not a mere technicality." *N.M. State Bd. of Psychologist Exam's v. Land*, 2003-NMCA-034, ¶ 22, 133 N.M. 362, 62 P.3d 1244. It serves important purposes. It "allow[s] the trial court an opportunity to correct errors," "creat[es] a record for appeal," and "allow[s] the opponent of an objection to meet the objection with either evidence or argument." *Lopez, Sr. v. Las Cruces Police Dep't*, 2006-NMCA-074, ¶ 24, 139 N.M. 730, 137 P.3d 670. And "it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors, and that a ruling thereon then be invoked." *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280. To properly raise a due process challenge under *Matthews*, a litigant must—at the very least—state the allegedly deprived property right with specificity and demonstrate the inadequacy of the procedures provided. *See Titus v. City of Albuquerque*, 2011-NMCA-038, ¶ 40, 149 N.M. 556, 252 P.3d 780. Here, Grand River only identified its deprived "property right" for the first time on appeal to this Court and, in the district court, it only alleged "bias" and "impartiality" with no citation to any procedural due process authority. Without knowing the nature of Grand River's due process challenge, the district court was in no position to consider the cogency of that

challenge, and the AGO had no opportunity to confront the objection. For these reasons, we decline to reach the merits of Grand River's *Matthews* argument.[5]

**CONCLUSION**

**{18}**   We affirm.

**{19}   IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**

---

5Grand River has not argued that any of the exceptions to preservation apply, *see* Rule 12-321(B)(2) NMRA, and we decline to imagine such an argument. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not . . . guess at what [a party's] arguments might be.").